CASE 34—PETITION ORDINARY—October 21.

## Talbott v. Stemmons' Ex'r.

APPEAL FROM BOURBON COURT OF COMMON PLEAS.

CONTRACT TO PAY MONEY IN CONSIDERATION OF PAYEE ABSTAINING FROM USE OF TOBACCO.—An agreement to pay money in consideration of the payee abstaining from the use of that which he has the legal right to use is supported by a sufficient consideration, and will be enforced.

Talbott v. Stemmons' Ex'r.

A grandmother and her grandson executed a writing by which the former agreed to give the latter five hundred dollars at her death if he would never take another chew of tobacco or smoke another cigar during her life, the grandson agreeing to refund double the amount to his mother if he should break the pledge. The grandmother having died, the grandson brings this action against her administrator to recover the amount named, alleging the performance of the contract on his part. *Held*—That the plaintiff is entitled to recover.

J. H. BRENT FOR APPELLANT.

Brief withdrawn.

LOCKHART & LYNG FOR APPELLEE.

An agreement to abstain from the use of tobacco is not a sufficient consideration to uphold a promise to pay money. It cannot be said that the promisor has received any benefit, or that the promisee has parted with any thing of value, or incurred any detriment or inconvenience in any legal sense, as the consideration of the promise. No presumed gratification to the promisor can be deemed a consideration in law. A consideration in the law of contracts must be in some sense a thing of pecuniary value. (Metcalfe on Contracts, page 161; Bishop on Contracts, 1st ed., secs. 404 and 406; Wald's Pollock on Contracts, p. 169; Chitty on Contracts, vol. 1, p. 35; Thomas v. Thomas, 2 Q. B., 851; Ferrell v. Scott, 2 Speers' Law, 344.)

The relationship of aunt and nephew does not furnish a consideration. (Chitty on Contracts, vol. 1, page 27; Mark v. Clark and wife, 11 B. M., 46.)

In every case cited by the Superior Court in which the promise was enforced, there was some act done or trust confided, which, of itself, imports a benefit to the promisor or detriment to the promisee. (Goodspeed v. Fuller, 46 Maine, 141; Bainbridge v. Firmstone, 8 Ad. & E., 743, Am. ed., 513; Hind v. Holdship, 2 Watts, 104; Brown v. Ray, 10 Ired. Law, 72; Corbett v. Cochran, 3 Hill Law, 41; Dinnington v. Wallis, 4 B. & Ald., 650.)

The unaided averments of the petition must show affirmatively that there actually is a consideration for the bargain, and that such consideration is a legal consideration, and of some value. (De Forrest v. Tracy, 6 Cowen, 151; Hitchcock v. Coker, 6 Ad. & E., 438.)

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

This case comes from the Superior Court by an appeal.

Mrs. Sallie D. Stemmons, the step-grandmother of

the plaintiff, Albert R. Talbott, made with the latter the following agreement:

"April 26, 1880.

"I do promise and bind myself to give my grandson, Albert R. Talbott, five hundred dollars at my death if he will never take another chew of tobacco or smoke another cigar during my life, from this date up to my death; and if he breaks this pledge, he is to refund double the amount to his mother.

"Signed    Albert R. Talbott,
"Sallie D. Stemmons."

The grandmother died, and this action was instituted by the grandson against her personal representative to recover the five hundred dollars, the plaintiff alleging that, from the date of the agreement to the filing of this action by him, he had not smoked a cigar or taken a chew of tobacco, &c.:

A general demurrer was filed to the petition that was sustained by the court below, and the action dismissed. It is insisted by counsel for the personal, representative that the agreement by the grandmother to pay the five hundred dollars is not based on a sufficient consideration, either good or valuable, and being a mere gratuitous undertaking, cannot be enforced.

There is nothing in such an agreement inconsistent with public policy, or any act required to be done by the plaintiff in violation of law, but, on the contrary, the step-grandmother was desirous of inducing the grandson to abstain from a habit, the indulgence of which, she believed, created an useless expense, and would likely, if persisted in, be attended with pernicious results. An agreement or promise to reform her

grandson in this particular was not repugnant to law or good morals, nor was the use of what the latter deemed a luxury or enjoyment a violation of either, and so there was nothing in the law preventing the parties from making a valid contract in reference to the subject-matter.

In the classification of contracts by the elementary writers, it is said: "An agreement by the one party to give, in consideration of something to be done or forborne by the other party, or the agreement by one to do or forbear in consideration of something to be given by the other, are such contracts, when not in violation of law, as will be held valid." Whether the act of forbearance or the act done by the party claiming the money was or not of benefit to him is a question that does not arise in the case. If he has complied with his contract, although its performance may have proved otherwise beneficial, the performance on his part was a sufficient consideration for the promise to pay.

The right to enjoy the use of tobacco was a right that belonged to the plaintiff, and not forbidden by law. The abandonment of its use may have saved him money or contributed to his health; nevertheless the surrender of that right caused the promise, and having the right to contract with reference to the subject-matter, the abandonment of the use was a sufficient consideration to uphold the promise.

Mr. Parsons, in his work on Contracts, says: "The subject-matter of every contract is something which is to be done or which is to be omitted," and where the consideration is valuable, need not be adequate. (Vol. 1, 7th ed., *489.) If, therefore, one parts with

Talbott v. Stemmons' Ex'r.

that he has the right to use and enjoy, the question of injury or benefit to the party seeking a recovery, by reason of a full performance on his part, will not be inquired into, because if he had the legal right to use that which he has ceased to use by reason of the promise, the law attaches a pecuniary value to it.

If this was an action to recover such damages as the party had sustained by reason of the violation of the covenant or promise, the verdict or judgment would doubtless be nominal only, but where the parties have agreed on the amount to be paid on the performance of certain conditions, when a compliance with those conditions has been alleged and shown the sum agreed on must be paid. Whether or not the mother of the young man could recover the penalty imposed, on his failure to comply with his undertaking, is not necessary to be decided. It is sufficient to say that the abandonment of the use of tobacco was such a consideration as authorized a recovery of the sum agreed on.

The judgment of the circuit court is reversed, and cause remanded with directions to overrule the demurrer, and for proceedings consistent with this opinion.