## Van Winkle v. King.

(Decided December 5, 1911.)

### Appeal from Whitley Circuit Court.

1. Attorney and Client—Action Against Client for Fee—Consideration—Pleading.—In an action by an attorney against a client for a certain sum in consideration of the attorney consenting that a law suit might be settled, held, that such consent is a sufficient consideration, and that the facts leading up to the transaction and including it being fully stated in the petition, the contract was sufficiently pleaded.

2.   Statute of Frauds.—The obligation being personal to appellant, and in no wise to answer for the obligation of another, it is not within the statute of frauds.

GILLIS & GILLIS, GREENE & VAN WINKLE for appellant.

TYE & SILER for appellee.

OPINION OF THE COURT BY JUDGE LASSING—Affirming.

This is an appeal from the judgment of the Whitley Circuit Court, in which the appellee, King, and his law partner, C. W. Lester, as plaintiffs, sought to recover of John S. Van Winkle the sum of $200, in consideration of their giving their consent that he might settle a certain law suit upon such terms as he could make with appellee's clients, the Anderson heirs. It appears that the heirs of Jacob Anderson had sued one John V. LeMoyne for an interest in a tract of land containing about 8,000 acres. LeMoyne had acquired title to this land through the mother of appellant, and the testimony shows that after this suit had been pending for some time, appellant, who lived in Danville, Kentucky, went to Williamsburg and had a conference with the attorneys, King and Lester, representing the Andersons, and as a result of this conference, according to the testimony of both King and Lester, Van Winkle proposed that he would personally pay them a fee of $200 if they would consent that he might go to their clients and adjust the litigation. Van Winkle denies making this promise to pay them any sum whatever, though he admits having a conference with them, and that upon said occasion he procured a letter from King and Lester addressed to the Anderson heirs, advising them in substance that they were willing that the settlement proposed by Van Winkle should be made. Following this conference Van Winkle visited the Anderson heirs and procured from them a quit-claim deed to the property in question; and after this the law suit was dismissed, settled. The $200 being unpaid, suit was brought, and upon a trial in the lower court plaintiff recovered a verdict and judgment, hence this appeal.

In the first place it is insisted for Van Winkle that he made no such promise. This was a matter for the determination of the jury. The jury found that such a promise was made; and the weight of the evidence is in accord with the finding of the jury on this disputed fact.

It is next urged, that if the promise was made, there

was no consideration for it. In 9 Cyc., 308, we find a consideration thus defined:

"Various definitions of consideration are to be found in the text-books and judicial opinions. A sufficient one is a benefit to the party promising, or a loss or a detriment to the party to whom the promise is made."

And again, on page 311, we find that:

"It may be laid down as a general rule, in accordance with the definition given above, that there is a sufficient consideration for a promise if there is any benefit to the promisor or any loss or detriment to the promsee. It is not necessary that the benefit should accrue to the person making the promise; it is sufficient that something valuable flows from the person to whom it is made, or that he suffers some prejudice or inconvenience, and that the promise is the inducement to the transaction."

Measured by this definition, it is immaterial whether appellant, Van Winkle received any personal benefit from this transaction or not. By reason of his promise the consent of appellee to the settlement of the Anderson-LeMoyne suit was procured, and as a result of such consent on the part of appellee the settlement was made upon terms acceptable to appellant and the suit was dismissed. This surrender on the part of appellee of his right to further prosecute the suit, his consent that his clients might settle with appellant and the subsequent dismissal of the suit, settled, was ample consideration to support the contract. That such acts constitute sufficient consideration to support a contract is supported by the opinions of this court in Overstreet v. Philips, 1 Litt., 120; Lemaster v. Burkhart, 2 Bibb., 25, Braswell's Admr. v. Braswell, 109 Ky., 17, and Funk v. Funk, 122 S. W., 511, where the court said:

"The consideration of a contract is the recompense or reason which induces the contracting party to enter into the agreement. When applied to ordinary contracts, which require a valuable consideration, it is that which has been or is to be given, done, or suffered as the reason that the other party agrees to do, to give, or to suffer something."

It is next urged that, even though there was a consideration for the contract, it was not pleaded. To this view we can not agree. The facts leading up to the making of the contract are fully stated in the petition. The consideration was the consent on the part of appellee that his client might settle the litigation with appel-

lant upon terms agreeable to him; and when this settlement was made they dismissed the suit, thus completing their part of the contract into which they alleged they entered with appellant. The facts pleaded show fully the consideration.

Lastly, it is urged for appellant that if such a promise was made, it was within the statute of frauds, being an obligation on his part to answer for the debt of another, and, therefore, not enforceable because oral. There is no merit in this contention. Appellant denied that he made any such promise whatever, while appellee and his partner both testified positively that he agreed to pay the fee. It is altogether reasonable that, inasmuch as he states in his testimony that he realized that the litigation, if prolonged, would be expensive to his mother, even though they should ultimately succeed, he was at that time willing and even anxious to pay the sum which appellee says he agreed to pay in order to get the suit settled. Without the consent of appellee he was unable to do anything. With his consent he was enabled to and did effect a settlement of this litigation upon terms acceptable to him. Having induced them to agree that the Anderson-LeMoyne litigation should be terminated or settled upon such terms as appellant was able to make with the Andersons, appellant may not now be heard to say that the fee which appellee sought to recover of him was the debt of the Andersons. According to the testimony it represents the sum which he signified a willingness to pay to procure the appellee's consent that he might settle with his clients. Obviously, the Andersons would not have been willing to make the settlement which they did except for the fact that they understood that they were to be at no expense for lawyer's fees. Appellee surrendered all claim he had against them when he made the kind and character of arrangement which he did. He may not recover anything for the Andersons for services rendered in that litigation. Appellant's agreement, if any was made, was not to pay for the Andersons, but for himself, and a jury having determined that he made such an agreement, it was an obligation personal to himself, and in no wise an obligation to pay or answer for the debt of another. Hence it is not within the statute.

Some complaint is made that the court did not properly instruct the jury, but we fail to find wherein the in-

struction given was in the least prejudicial to appellant. It presented clearly, tersely and fairly the issues as raised by the pleadings and supported by the proof.

Judgment affirmed.