## Mina M. Orr, Appellee, v. John W. Orr, Appellant.

1. FRATERNAL BENEFIT SOCIETIES—*rights in proceeds of certificate.* Where the beneficiary named in a certificate of a fraternal benefit society promises to collect the money and hold it for the benefit of widow and child of the member, the widow is entitled to the entire amount when the child dies soon after the death of the member and before the beneficiary pays over the money.

2. CONTRACTS—*consideration.* A promise by the beneficiary of a fraternal benefit certificate to pay the amount of the certificate to the wife and child of the member if the wife will refrain from going to her husband, while he is seriously ill, with the request that the certificate be changed so that she and the child will derive the

benefit from it, is upon sufficient consideration, when the beneficiary is the father of the member.

Appeal from the Circuit Court of Vermilion county; the Hon. E. R. E. Kimbrough, Judge, presiding. Heard in this court at the October term, 1912. Affirmed. Opinion filed April 18, 1913.

W. R. Jewell, Jr., and O. M. Jones, for appellant.

Acton & Acton, for appellee.

Mr. Justice Philbrick delivered the opinion of the court.

Mina M. Orr, appellee, was married to one Fred W. Orr, on June 5, 1909. Prior to the time of his marriage to appellee, Fred W. Orr held a benefit certificate in the Modern Woodmen of America in the sum of $2,000. One child, Carol W. Orr, was born of this marriage. Fred W. Orr died on August 17, 1910, intestate, at his father's house where he had been sick for several weeks, leaving surviving him appellee and his son, Carol W. Orr. Appellee and her child were dependent upon the father and husband for their support. The father, John W. Orr, was the beneficiary named in this policy at the time of the death of Fred W. Orr, and after his death, proper proofs having been made, the amount of the policy was paid to John W. Orr.

Appellee contends that prior to the death of her husband, it had been her desire that the beneficiary in the said benefit certificate be changed so that she would become the beneficiary. After Fred W. Orr was taken sick and while at his father's house, appellee insists that she and John W. Orr, the father, talked over and discussed the question of the change in the name of the beneficiary in this certificate from John W. Orr, the father, to appellee. That she made known to John W. Orr her intention to go to her husband while he was sick at the home of John W. Orr and have him surrender the old certificate and to cause to be issued

in lieu thereof another benefit certificate in which appellee should be named as beneficiary, so that upon the death of her husband appellee would receive this money. Appellee insists that when her intention of going to her husband for this purpose was made known to John W. Orr that he demurred to her going to his son with this request; fearing that a request of this kind at a time when Fred W. Orr was sick and not expected to recover would result fatally to him; the said John W. Orr promised and agreed with appellee herein that if she would refrain from going to Fred W. Orr who was then dangerously ill, and not worry or bother him concerning the change of beneficiaries that he would hold the policy for the benefit of her and the child, and that he, fearing that if the husband was worried about a change in the beneficiary that the result to the said Fred W. Orr, who was dangerously ill and suffering from a weak heart, might hasten his death and result fatally to him; and that the said John W. Orr then and there promised and agreed to and with appellee that if she would refrain from approaching Fred W. Orr upon this subject that he would guarantee to her and see that she and her child received the benefit of this certificate; and that if his son did not recover from that sickness he would collect the same and hold it for the benefit of her and the child; and that, relying upon the promises of the said John W. Orr, she did refrain and forbear from going to her husband with a request that the beneficiary be changed.

John W. Orr collected the insurance and claims to own and hold the same for his own use and benefit. The suit was originally commenced by appellee as administratrix, before final judgment. The child died and thereupon appellee was granted leave and amended the cause of action so as to prosecute the cause in her own name. The trial below resulted in a verdict and judgment against appellant, from which he appeals.

Appellant contends this judgment is erroneous and should be reversed, insisting that the evidence does not sustain the allegations of the declaration regarding the promise alleged to have been made by appellant to appellee; also, that, conceding that the promise was made, there was no consideration therefor for the reason that she had no power even though she did request her husband to change this policy, to compel him to do so; further, that it was a mere speculation on her part whether or not he would make the change at her request; that the court erred in permitting appellee to amend and prosecute the cause in her own name.

The child died soon after the death of the father, and if appellant made a promise that he would collect the money and pay it over to appellee for the benefit of herself and child, after the death of the child appellee would be entitled to receive the entire amount.

We are satisfied from the testimony of the various witnesses that the contention of appellee that appellant made the promise alleged to have been made to her is fully sustained, and that the verdict of the jury is not contrary to the evidence and that it cannot be set aside on the ground that there is no evidence to support it.

Appellee had the right to request her husband to make the change of beneficiary in this policy before his death, and secure the benefit of the certificate for herself and child if it was possible for her to do so. The policy was taken out by the deceased before his marriage to appellee and the father then made beneficiary, after appellee and his only child became the natural objects of his bounty, it would only be natural that he should change the beneficiary during his last illness so that they would derive the benefit therefrom, unless some urgent reasons for his not so doing are shown. Appellee at least had the right to go to him and urge this, with such persuasion as she might

bring to bear upon him for that purpose. And the father, knowing the condition of his son and desiring that he should recover from his illness, undoubtedly desired to do everything in his power to prevent anything which might worry or aggravate the condition of his son, and to avoid any serious consequence to him by reason of the importunities that the wife might make, promised appellee that if she would refrain from exercising her right in endeavoring to secure a change of beneficiary in this policy and would allow the policy to stand as it was that she and the child should receive the benefits of it, and that he would collect the same and pay it to her.

It is well established that a promise or agreement carried out or completed which deprives the party of any substantial right, when done at the request of another, is a sufficient consideration to sustain the promise by the other party for the fulfillment and enforcement of the agreement then made by him, that one promise is a sufficient consideration for another, and the question of the adequacy of the consideration or the inequality of the consideration is wholly immaterial. And it is wholly immaterial on the question of the consideration for this promise whether or not appellee would have been able to have secured the change in the beneficiary which she desired, it was a valuable consideration, if by acceding to the demands or request of appellant she waived and abandoned a right she then had of endeavoring to persuade her husband to make the wife and child beneficiaries under the policy.

In determining whether there was a valuable consideration for the making of this promise by defendant it is not necessary that there should have been any pecuniary benefit to appellant, if there was a valuable consideration, however small it might have been, then it was sufficient. Parsons on Cont. (6th Ed.) 443; Page on Cont., vol. 1, sec. 274; *Talbott v. Stemmons'*

*Ex'r,* 89 Ky. 222, 5 L. R. A. 856; *Hamer v. Sidway,* 124 N. Y. 538, 12 L. R. A. 463 (notes).

We are of the opinion that the agreement of appellee to refrain from going to her husband in his then condition with the request which she had the right to make and which she had the right to expect would be granted her, was sufficient consideration on her part to sustain the promise of appellant that in case the husband should not recover from that sickness appellant would collect the money and pay the same over to appellee for the benefit of herself and child.

There is no error in this record. The judgment is right and will be affirmed.

*Affirmed.*