## Greenup, et al. v. Wilhoite, et al.

(Decided January 19, 1926.)

### Appeal from Oldham Circuit Court.

1. Contracts—What Constitutes "Consideration" Stated.—The "consideration" for an ordinary contract is that which has been or is to be given, done, or suffered as the reason that the other party agrees to do, to give, or to suffer something.

2. Contracts—Every Writing Evidencing Indebtedness Imports Consideration.—Every writing evidencing an indebtedness imports a consideration under Ky. Stats., section 470.

3. Contracts—Services Already Rendered Held Sufficient Consideration for Agreement to Give Property at Death.—Contract to give property and money at death, in consideration of services during illness and old age, held supported by sufficient consideration, though part of such services were already rendered.

ROBERT T. & WM. J. CROWE for appellants.

WILLIS & WILLIS, JOHN K. TODD and J. BALLARD CLARK for appellees.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

This suit was commenced in the Oldham circuit court by appellee, Lucy Mae Wilhoite, against Miller Fields, executor of the will of Miller Wilhoite, Sr., deceased, to enforce a contract made between her and Miller Wilhoite, Sr., in his lifetime. She is the wife of the grandson of Miller Wilhoite, Sr. The contract, which was dated April 13, 1920, reads:

"The said Miller Wilhoite, Sr., for and in consideration of the services rendered to him during his illness and old age by the said Lucy Mae Wilhoite, hereby contracts to give her at his death all of his personal property, including household goods, farm tools and live stock on the place on which they now reside, and in addition to the above, he agrees, at his death, that in view of the above mentioned services, she is to be paid one thousand ($1,000.00) dollars in cash or money or bonds.

"It is understood that in the event that the said Lucy Mae Wilhoite should die previous to said Miller Wilhoite, Sr., her children are to share equally in this contract."

There was no controversy about the facts, the parties stipulating as follows:

"The contract copied into the petition was made as of the day and date set out therein, and the decedent, Miller Wilhoite, was in possession of all his mental faculties and competent to contract. It is further agreed that the decedent, Miller Wilhoite, Sr., went to reside and make his home with the plaintiff about ten years before his death; his mental and physical condition was good up until about three years before his death, when his physical condition begun to fail, and that he required constant attention; his room had to be cleaned and kept in condition every day; diet was furnished him to suit his appetite and physical condition and during the last three years above set out he was unable to take a bath without assistance, and the plaintiff bathed him with her own hands about twice a week; all the time did his cooking, preparing such food as was necessary and suitable for a man of his age and in his

physical condition; she rarely left him, and he was never left alone, but she or her husband or one of her children remained with him constantly subject to his call and to answer any want he expressed; that during the last three years of his life he required constant care and attention, which was furnished him by the plaintiff; all of said services was reasonably worth the sum of one thousand dollars ($1,000.00), no part of which has been paid. The plaintiff is the wife of the grandson of the decedent.

"This statement, together with the deposition of Mrs. Wilhoite taken on cross-examination, shall be the entire proof submitted in this action."

Appellee was called as upon cross-examination and testified, in substance, that Miller Wilhoite, Sr., came to their home in 1912 at a time when his health was fairly good and that he continued there until his death; that until about three years before his death his health continued good; that she did not have any arrangement with him whereby he was to pay her for services, nursing or board; that when he came to live with her she did not expect to receive compensation and never asked for any compensation. She was then asked to describe the circumstances under which the contract was made, which she did:

"Q. Did he suggest that or did you? A. Oh, he did.

"Q. What did he say? A. He said I had been good and kind to him, that he believed that he ought to give me something for my services.

"Q. He meant by that that you had been good to him since 1912, since he had been living with you, that you looked after him and took care of him? A. Yes, . . .

"Q. You looked after him and nursed him? A. Yes, I did.

"Q. Expecting no compensation for it at all? A. I did not. . . .

"Q. When these services were rendered you did not expect anything for it. A. No, sir, I did not."

On this state of the record appellants, who are heirs of Miller Wilhoite, deceased, insisted that the contract was unenforceable because not based upon a sufficient consideration. They also assert in one paragraph of

their answer that the contract was obtained by undue influence, but this contention was later abandoned.

The consideration necessary to support a contract was defined by this court in Van Winkle v. King, 145 Ky. 691, as the recompense or reason which induces the contracting parties to enter into the agreement. When applied to ordinary contracts which require a valuable consideration, it is that which has been or is to be given, done or suffered as the reason that the other party agrees to do, to give, or to suffer something.

In the case of Snyder v. Snyder, 193 Ky. 233, it was said: "A consideration sufficient to support a contract or a deed may be either a benefit to the promisor or a detriment to the promisee, an advantage to the vendor or a loss or detriment to the vendee." There is a well established rule that every writing evidencing an indebtedness imports a consideration, under our statutes, section 470. Andrews v. Hayden's Admr., 88 Ky. 455; Bardstown Turnpike Co. v. Nelson County, 117 Ky. 679.

Appellants insist that the services for which appellee claims compensation had all been performed before the making of the contract sued on, and the consideration for the contract having all passed, the contract failed for want of a supporting consideration. They insist a past consideration which is some act of forbearance in time past by which a man has benefited without thereby incurring any liability, is not sufficient to support an executory contract, and this is ordinarily true. 9 Cyc. 359. But the contract before us provides: "Said Miller Wilhoite, Sr., for and in consideration for services rendered to him during his illness and old age by said Lucy Mae Wilhoite, hereby contracts to give her at his death all of his personal property . . . and in addition to the above he agrees at his death . . . she is to be paid $1,000.00." The payment was to be made after his death and, of course, all the services were to be performed before his death. His promise to pay fixed a time subsequent to the performance of all of the services, and the payment was to be made after his death in consideration of the services rendered to him during his illness and old age. Manifestly the parties to the contract contemplated that the appellee, Mrs. Wilhoite, was to receive compensation not only for services which she had performed up to the time of the making of the contract

but for all services which she was to perform for Miller Wilhoite, Sr., during the remainder of his life. The last clause of the contract makes this conclusion inevitable, for it provides: "It is understood that in event the said Lucy Mae Wilhoite should die previous to said Miller Wilhoite, Sr., her children are to share equally in this contract." The evidence shows that the children of appellee were assisting in taking care of their grandfather at the time of the making of the contract and continued to do so until his death. Clearly the parties to the contract contemplated that the care and attention which Mrs. Wilhoite had been bestowing upon her grandfather should continue so long as he lived, and at his death there should be paid out of his estate to her for past services the sums and property named in the contract. This, of course, was a sufficient consideration, being both good and valuable, to support the contract. The lower court so held and we find no reason for disturbing its judgment.

Judgment affirmed.