## Sternberg Dredging Company, et al. v. Bondurant's Executor.

## Same v. Hickman Bank & Trust Company.

(Decided March 20, 1928.)

### Appeals from Fulton Circuit Court.

1.  Replevin.—Note constitutes such property as is subject to action of claim and delivery under Civil Code of Practice, sec. 180 et seq.; personal property being defined under section 732, subsec. 10, as such to include evidence of debt.

2.  Bills and Notes.—Where owner of land in levee district gave up his right to a trial of condemnation suit relative to right of way over his land for loop to be constructed for protection of levee, such action constitutes sufficient consideration for note executed by contractor who was to construct loop in order that it might be able to proceed immediately with work thereon.

3.  Contracts.—Consideration for a promise is sufficient if there is any benefit to the promisor or any loss or detriment to the promisee.

4.  Frauds, Statute of—Where owner of land in levee district abandoned right to condemnation proceedings pursuant to execution of note by one contracting to construct loop for protection of

levee, contractor accepting benefits of such agreement is not thereafter entitled to defend suit on note on ground that contract was unenforceable as not being in writing, and relating to purchase of real estate, since one to whom performance is voluntarily rendered does not suffer from lack of remedy to which he has no occasion to resort.

5. Contracts.—Where contractor for construction of loop in levee district as consideration for landowner's abandoning right to condemnation proceedings agreed to execute a note in order that it might proceed immediately with work of construction, such contractor on delivering note thereafter had no right to require new conditions and, on refusal, to claim right to be released, since after receiving benefit of contract it was necessary to carry it out without annexing further conditions.

6. Contract.—Where contractor for construction of loop in levee district, after delay caused by failure to obtain right of way, elected to proceed with contract, he could not thereafter claim damages for anything that had previously happened.

7. Set-off and Counterclaim.—Where contractor for construction of loop in levee district executed note to property owned in consideration of his abandoning right to condemnation proceedings, a claim against such property owner for violation of duty as levee commissioner in arbitrarily delaying securing of right of way held not a proper counterclaim or set-off under Civil Code of Practice, sec. 96, such as could be asserted in subsequent action on note.

8. Contracts.—Contractor for construction of loop in levee district, by proceeding with contract and going ahead with construction after delay in securing right of way had occurred, waived any right of action for damages by such delay.

BEN T. DAVIS for appellants.

W. J. WEBB for appellees.

OPINION OF THE COURT BY JUDGE WILLIS—Affirming.

These two cases originated from the same transactions, and will be disposed of together.

The Reelfoot levee district in Fulton county, Ky., was established under sections 2417b-a1 and 2417b-25, Kentucky Statutes, and had constructed a levee therein which was endangered by the encroachments of the river and by the caving banks. The government agency in control of the levee, determined to construct a loop for its protection. The levee district is required to provide the right of way and pay one-third of the cost of improvements, while the government contributes two-thirds of the cost and reserves entire control and supervision of

construction and reconstruction. A contract was awarded on March 1, 1925, to Sternberg Dredging Company to construct the loop, but under the rule applied in that case the contract could not be signed until the right of way had been obtained. Chester T. Bondurant owned the land desired for the loop and was unable to agree with the levee commissioners upon the amount of compensation to be paid him. An action was instituted against him to condemn the right of way over his land, which encountered so much delay that Sternberg became concerned about getting the work started in time to be completed within the limit fixed by his contract. The government was vexed by the delay and considered withdrawing the appropriation made for the loop. A neighboring levee district in Lake county, Tenn., was interested in having the upper levee protected. Bondurant was a member of the board of levee commissioners and a large property owner in the levee district. In this situation the wisdom of some settlement of the matter was obvious to all. Bondurant made some concessions and offered to grant the right of way for $15,000, which appeared to be his irreducible minimum. The levee board would not, possibly could not, pay more than $10,000 for the right of way. The Lake county levee district agreed to donate $2,500 to buy the right of way. It is claimed that Sternberg then agreed to pay the additional $2,500 if Bondurant would make a deed to the right of way at once so that he could sign his contract and get on the work, and if Bondurant would accept his and his company's note for the $2,500 payable at the rate of one cent per cubic yard from the estimates on the work as it progressed. This was satisfactory to Bondurant, and he executed and delivered a deed for the right of way and was paid the $12,500 by the levee districts. He notified Sternberg to send the note as promised. Sternberg promptly sent the note to Judge Amberg to be delivered to Bondurant on the terms stated, but in the letter of transmittal added that the levee district, in consideration of what Sternberg had done, should protect him in certain respects against additional engineering expenses and emergency work that might be required if the delay in obtaining the right of way should carry him beyond the time limit for completion of his contract. The levee district declined to do it, and, as a matter of caution, Judge Amberg refused to take the responsibility of delivering the note to Bondurant. There-

upon the first suit was filed by Bondurant to recover possession of the note, and it was taken from Judge Amberg on a writ of delivery under section 180 et seq., of the Civil Code. The sheriff held the note for two days, and, no bond being given by the defendant, as provided by section 188 of the Civil Code, it was delivered to the plaintiff Bondurant in accordance with the directions of that section of the Code. Bondurant then sold the note to the Hickman Bank & Trust Company. It was not paid at maturity, and the bank filed the second suit against Sternberg and Sternberg Dredging Company to collect the note. The cases were heard together. The issues made by the pleadings and proof were submitted to a jury and a verdict was returned for the plaintiffs Bondurant and the bank.

Sternberg and his company have prosecuted these two appeals, in one of which Judge Amberg has joined as a nomnial party, but having no interest therein.

In addition to other defenses, Sternberg asserted in various pleadings a damage claim against Bondurant on the ground that Bondurant was a member of the board of levee commissioners, and under duty as such to obtain the right of way for the loop, and that he wrongfully delayed the constructoin of the loop by refusing to grant a right of way except for an exorbitant and unreasonable price, by reason of which the Sternberg Dredging Company was damaged in the sum of $5,000.

The lower court held that no cause of action against Bondurant for damages existed or could be asserted in this action. The complaint here is that the court erred in refusing to recognize the damage claim and in refusing a peremptory instruction to the jury on the other issues. The argument involves several subordinate propositions, and it will be convenient to consider them separately.

It is first argued that the note was not such property as is subject to an action of claim and delivery under section 180 et seq. of the Civil Code. The Code permits personal property to be thus taken, and section 732, subsec. 10 thereof defines personal property to include evidences of debt. It is said, however, that Bondurant was not entitled to the immediate possession of the note. That depended entirely on the facts. He was entitled to the immediate possession of the note if he had performed his part of the agreement. That question is no longer ma-

terial, as the note has matured and recovery has been allowed upon it. If the recovery was proper, we need not stop to inquire into other questions. The evidence was sufficient to justify the court in submitting to the jury the question whether Bondurant had fully performed his part of the agreement, and the finding of the jury thereon concludes that question against the appellant.

It is argued, however, that even if the contract was as claimed by Bondurant, there was no consideration for the agreement with Sternberg and his company and the note for that reason was not valid. Bondurant, in consideration of the agreement of appellants to execute the note gave up his right to a trial of the condemnation suit, and executed a deed to his land for a less price than he was otherwise willing to take. The consideration for a promise is sufficient if there is any benefit to the promisor or any loss or detriment to the promisee. Talbott v. Stemmons' Ex'r, 89 Ky. 222, 12 S. W. 297, 11 Ky. Law Rep. 451, 5 L. R. A. 856, 25 Am. St. Rep, 531; Van Winkle v. King, 145 Ky. 691, 141 S. W. 46; Wright v. Bayless (Ky.) 118 S. W. 918; Carter v. Hall & Martin, 191 Ky. 75, 229 S. W. 132.

Sternberg obtained a benefit by getting the contract signed and being permitted to begin work in time to complete it within the time limit therein specified. It is obvious that the claim of lack of consideration for the contract is not sustained by the facts shown in this case.

It is also argued that the contract was not in writing, and, as it related to the purchase of real estate, it could not be enforced. The argument misconceives entirely the situation and the contract. The contract was fully executed by Bondurant when he made the deed, and by the levee district when it paid its portion of the consideration. Sternberg could not permit Bondurant to take such action, accept the benefits thereof himself, and then escape from the promise to pay the note, on the ground that Bondurant was not originally bound to make the conveyance under the verbal agreement. One to whom performance is voluntarily rendered does not suffer from lack of a remedy to which he has no occasion to resort. Bryant v. Jones, 183 Ky. 298, 209 S. W. 30; Montgomery Traction Co. v. Montgomery, etc. (C. C. A.) 229 F. 676.

It is insisted that the bank had no right of action on the note because it was not delivered by the makers, and

the bank had notice of the conditions attached to the delivery thereof, both actual and constructive, through the pendency of the suit over the custody of the note. The evidence is contradictory on this matter, and the jury, under proper instructions, has found in favor of the bank. This renders it unnecessary to determine what would be the rights of the bank under other circumstances.

The foundation of the whole defense, although presented in many different ways, was that Sternberg had a right, when he delivered the note to Judge Amberg for Bondurant, to add new conditions to his contract, which he had not theretofore mentioned, and of which Bondurant had no notice or knowledge. He undertook to require the levee board to protect him against certain liabilities which he might incur, and, because it refused to do so, he claims a right to be released altogether. He could not add new conditions to the contract under the circumstances. Bondurant had conveyed his property to the levee board and it had been accepted. Sternberg's contract to build the loop had been signed on the faith thereof, and he was permitted to perform it. It was then necessary for Sternberg to carry out his contract without annexing any new conditions. Judge Amberg would have been justified in delivering the note to Bondurant, disregarding the attempt to impose new conditions; but, in the exercise of a commendable caution, he required the rights of everybody to be protected in advance of any action by him.

There is yet another reason why appellants' defense failed. There is nothing in the record to show that the delay in obtaining the right of way caused any material damage. It is not shown that any additional engineering work was thereby required, or that any emergency work was done, or that anything occurred to damage Sternberg, and certainly Sternberg could not assert a claim for damages after waiving the delay by procuring Bondurant to execute the deed, accepting the contract for the work, and executing his note for the $2,500. If the delay in signing his contract, caused by failure to obtain the right of way, had rendered his position less favorable, he had the option of refusing to go ahead with it. He elected to go on, and he could not thereafter claim damages for anything that had previously transpired.

·   · It is further insisted that Bondurant was a levee commissioner and had arbitrarily and obdurately delayed the obtention of the right of way in violation of his duty, and for that reason incurred a personal liability to the contractor. Such a claim for damages was not a proper counterclaim or set-off and could not be asserted in this action. Civil Code, sec. 96. Bondurant merely exercised his legal rights as a property owner and did not thereby incur any liability. He was disqualified to act as a member of the levee board, being interested in the matter, and the other four members of the board had entire control of proceedings for the right of way. Beyond all this, any right of action for damages by delay in getting the right of way was waived by the appellant in taking the contract and going ahead with it after the delay had occurred. It is clear that the court did not err in refusing to recognize the claim for damages.

A careful examination of the record is convincing that the court below correctly determined all issues, and appellants have no just ground of complaint.

Judgment affirmed in both cases.