## Woolum et al. v. Sizemore et al.

(Decided Feb. 23, 1937)

N. R. PATTERSON for appellants.

E. N. INGRAM for appellees.

OPINION OF THE COURT BY JUDGE REES—Affirming.

This is a suit for specific performance, and the defendants have appealed from a judgment granting the relief prayed for in the plaintiffs' petition.

George Woolum conveyed to his wife, Josephine Woolum, by a general warranty deed, 130 acres of land on June 4, 1914. He died about four years after the deed was executed. George Woolum and Josephine Woolum took into their home John Woolum when he was a small boy, and he lived with them until his marriage. During all of this time he was treated as a member of the family. On December 20, 1923, Josephine Woolum and her two sons, G. B. Woolum and J. D. Woolum, and their wives, executed and delivered to John Woolum this writing:

"We the undersigned has agreed to sell to John Woolum a certain tract of surface land as follows, running with E. B. Bingham line up said Bingham hollow to the top of the hill; thence with top of the hill back down point (or hill) to a forked beech to Pioneer line at and where the fence now stands the said beech being a line tree between the Pioneer Coal Company and the Woolum survey. Then from said beech straight down the hill to hollow or drain and big rock and poplar bush facing James York's crib, to creek. Containing not more than 15 acres. This tract of land being in Bell County, Kentucky on the waters of left hand fork of Straight Creek.

"And when surveyed out according to this agreement we will give a general warranty deed for this tract of land to John Woolum.

"This agreement is not transferable."

The land referred to is a part of the tract conveyed to Josephine Woolum by her husband on June 4, 1914. Immediately after this writing was executed, John Woolum went upon the land, fenced it, erected a house and barn and other improvements, and lived thereon with his wife and children until his death in October, 1927. He left surviving him his widow, Catherine Woolum, and five children. Catherine Woolum married Henry Sizemore in 1929. The widow and children continued to reside on the land and cultivate it until this suit was instituted by them in 1935. It was alleged in their petition, as amended, that the consideration for the contract was $400 cash paid to the defendants, and they asked that the defendants be required to convey to them, as the only heirs at law of John Woolum, the land described in the writing of December 20, 1923. The defendants denied that there was any consideration, and alleged that the writing was executed for the purpose of providing John Woolum a place to live, and that it was the intention of all the parties that only a life interest in the land should be conveyed to him and that at his death the plaintiffs, who were his heirs at law, acquired no interest therein.

A considerable amount of incompetent proof was heard, but no rulings were made on the exceptions thereto. Catherine Woolum Sizemore, when she gave her first deposition, testified that John Woolum, before his death, gave to the defendants his check for $400, which was the consideration for the land. She was asked to file the canceled check, and later she testified that she had been unable to find it, but she produced and filed with her deposition a note to John Woolum for $400, dated April 1, 1921, signed by J. D. Woolum and G. B. Woolum. When confronted with this note, they denied any knowledge concerning it, but their answers are evasive and far from convincing. A banker, who qualified as an expert on handwriting and who was familiar with their handwriting, testified that the signatures on the note were the genuine signatures of J. D. Woolum and G. B. Woolum. Other witnesses testified concerning conversations with the defendants in which they stated that they owned no interest in the land in controversy, and that it belonged to the heirs of John Woolum. One witness stated that he heard J. D. Woolum and G. B. Woolum tell John Woolum that they

were unable to pay him what they owed him, and that he would have to accept land for the debt. Josephine Woolum testified that when she signed the title bond she believed she owned only a life estate in the land and that her children owned the remainder. It is argued that she received no consideration, and that, being the sole owner of the land, the appellees are not entitled to specific performance by her.

Legal consideration for a contract may consist only in detriment suffered by one party thereto. It need not involve a benefit to the promisor. Citizens' Nat. Bank of Somerset v. Dodson, 231 Ky. 660, 21 S. W. (2d) 1019; Sternberg Dredging Co. v. Bondurant's Ex'r, 223 Ky. 668, 4 S. W. (2d) 686; Wallace v. Cook, 190 Ky. 262, 227 S. W. 279; Van Winkle v. King, 145 Ky. 691, 141 S. W. 46; American Law Institute's Restatement of the Law of Contracts, vol. 1, sec. 75; Williston on Contracts, vol. 1, sec. 113. In Luigart v. Federal Parquatry Mfg. Co., 194 Ky. 213, 238 S. W. 758, 760, the following from 13 C. J. 311 was quoted with approval:

"Various definitions of 'consideration' are to be found in the text-books and judicial opinions. A sufficient one is: A beneft to the party promising, or a loss or detriment to the party to whom the promise is made. 'Benefit,' as thus employed, means that the promisor has, in return for his promise, acquired some legal right to which he would not otherwise have been entitled. And 'detriment' means that the promisee has, in return for the promise, forborne some legal right which he otherwise would have been entitled to exercise."

In the instant case, the evidence satisfactorily shows that G. B. Woolum and J. D. Woolum had become indebted to John Woolum, and had executed and delivered to him their promissory note for $400. Josephine Woolum was an unmarried woman when she signed the title bond, and could agree in writing to answer for the debts of her sons. John Woolum relinquished his right to enforce collection of the note, and, under the foregoing rule, this was sufficient consideration for Josephine Woolum's promise.

The judgment is affirmed.