**Michael GRASS and Shawn Grass, Appellants,**

v.

**Robert AKINS, Appellee.**

**No. 2010–CA–002265–MR.**

Court of Appeals of Kentucky.

May 25, 2012.

H. Kevin Eddins, Kevin J. Fiet, Louisville, KY, for appellant.

Philip J. Castagno, Louisville, KY, for appellee.

Before KELLER, STUMBO, VANMETER, Judges.

*OPINION*

VANMETER, Judge:

Michael and Shawn Grass appeal from a Jefferson Circuit Court order granting Robert Akins' motion for summary judgment. For the following reasons, we affirm the order.

Michael and Shawn Grass are a married couple living in Louisville, where Grass is a chiropractor.[1] In addition to his practice, Grass provides training and consulting services to new chiropractors. He also provides financing services to chiropractors who are establishing new offices. For the financing endeavors, Grass often seeks additional investors.

Akins became one of those investors when he entered into an oral agreement with Grass to invest in Sean Price's chiropractic office. The parties dispute the specific terms of the agreement. Grass claims the agreement provided that Akins would be reimbursed as Grass received payments from Price. Akins claims that Grass personally guaranteed the investment and agreed to reimburse Akins' investment regardless of the repayment of the loan. Eventually, Price defaulted on the loan.

On August 8, 2005, Grass sent Akins an offer of rescission and waiver, in which Grass proposed to pay Akins a lump sum of $63,695.46 in exchange for his rights and interest under the initial investment. Although Akins did not accept the offer, he grew concerned that his investment would not be recouped. Subsequently, Akins asked Grass to sign a "Mutual Release and Settlement Agreement" ("the release"), which liquidated the outstanding balance

---

1. Any reference hereinafter to "Grass" is to Michael Grass.

owed under the oral agreement and specified a payment plan for the balance. The release provided, "Grass agrees to pay the remaining sum owed from the $63,695.46, as was agreed to via offer of rescission and waiver back in October, 2005. That amount (as of the beginning of May 2007) was $59,850.22[.]" Grass and his wife[2] signed the release on August 15, 2007. The Grasses failed to make payments in accordance with the release.

On June 12, 2009, Akins filed a complaint in the Jefferson Circuit Court alleging that the Grasses had breached their contractual obligation under the release. On June 11, 2010, Akins moved for summary judgment. On August 3, 2010, the trial court entered summary judgment in favor of Akins. On August 12, 2010, the Grasses moved to alter, amend or vacate the order of summary judgment based upon their claim that genuine issues of material fact existed. On November 24, 2010, the trial court denied their motion. This appeal followed.

When ruling on a party's motion for summary judgment, the trial court must view all evidence in the light most favorable to the nonmoving party and resolve all doubts in his favor. *Hallahan v. The Courier–Journal*, 138 S.W.3d 699, 705 (Ky.App.2004) (citation omitted). The movant bears the initial burden of showing that no genuine issue of fact exists. *Steelvest, Inc. v. Scansteel Serv. Ctr., Inc.*, 807 S.W.2d 476, 482 (Ky.1991). Then, the burden shifts to the nonmovant to present "at least some affirmative evidence showing that there is a genuine issue of material fact for trial." *Id.* (citation omitted). Summary judgment "is only proper where the movant shows that the adverse party could not prevail under any circumstances." *Id.* at 480.

On appellate review, we are not required to defer to the trial court's ruling because the trial court's determination only involves questions of law. *Hallahan*, 138 S.W.3d at 705 (citation omitted). Appellate review shall be conducted under a de novo standard. *Id.* (citation omitted). Therefore, our review is limited to "whether the trial court correctly found there were no genuine issues as to any material fact and that the moving party was entitled to judgment as a matter of law." *Id.* at 704 (citation omitted).

The Grasses argue that summary judgment is inappropriate based upon their claims that the following genuine issues of material fact exist: (1) whether the original agreement provided that Akins would be reimbursed as Grass received payment from Price; and (2) whether the release was supported by valid consideration. We conclude that neither issue constitutes a genuine issue of material fact in this case.

First, the Grasses claim that a dispute regarding the terms of payment in the original agreement constitutes a genuine issue of material fact. They contend that "[t]he overriding question in this matter is [the] parties' original intent at the time the Funding Agreement was consummated." However, Akins' complaint alleged that Grass breached his contractual obligation under the release, rather than the original contract.

"[A] release is a discharge of a claim or obligation and surrender of a claimant's right to prosecute a cause of action." *Frear v. P.T.A. Indus., Inc.*, 103 S.W.3d 99, 107 (Ky.2003) (quoting 66 Am. Jur. 2d *Release* § 1 (2001)). Releases from liability and other settlement agreements are governed under contract law. *Frear* at 105. Under contract law, a writ-

---

**2.** Shawn Grass was not a party to the original oral agreement.

ten instrument will be strictly enforced according to its terms absent ambiguity. *New Life Cleaners v. Tuttle,* 292 S.W.3d 318, 322 (Ky.App.2009).

> [W]hen parties reduce their agreement to a clear, unambiguous, and duly executed writing, all prior negotiations, understandings, and agreements merge into the instrument, and a contract as written cannot be modified or changed by prior parol evidence, except in certain circumstances such as fraud or mistake.

*Id.* (citing *Childers and Venters, Inc. v. Sowards,* 460 S.W.2d 343, 345 (Ky.1970)). The written agreement is presumed to be final and complete, with all prior negotiations abandoned or incorporated into the final document. *New Life Cleaners,* 292 S.W.3d at 322. The Grasses do not allege fraud, mistake, or ambiguity. Therefore, the terms of the original agreement and its intent are irrelevant to Akins' claim that the Grasses breached the terms of the release.

■ "Not every issue of fact or conflicting inference presents a genuine issue of material fact that requires denial of a summary judgment motion." *Steelvest,* 807 S.W.2d at 481 (citation omitted). At most, the terms and intent behind the original contract are only relevant as a matter of factual background. The original agreement has no bearing on the interpretation or construction of the release. We conclude that the parties' dispute regarding the terms of the original agreement does not constitute a genuine issue of material fact. Therefore, we find no error in the trial court's order of summary judgment.

■ Second, the Grasses claim that a genuine issue of material fact exists concerning whether the release was based upon valid consideration. Consideration for a contract may be a benefit to the promisor, or a detriment to the promisee. *Van Winkle v. King,* 145 Ky. 691, 693, 141 S.W. 46, 47 (1911). The Grasses claim that they did not receive a benefit by signing the release based upon the dispute concerning the terms of the original contract. However, it is undisputed that the release provided a specific payment plan and more definite terms. By signing the release, the Grasses had an additional opportunity to meet their obligation and make payments over time. In their reply brief, the Grasses stated that they signed the release because they "no longer liked the terms of the [agreement] as originally constituted." The Grasses were clearly more comfortable with the finite terms contained in the release and received a benefit from their specificity. We conclude that the terms of the release support the trial court's order of summary judgment.

As previously mentioned, the construction and interpretation of contracts are questions of law to be decided by the trial court. *First Commonwealth Bank of Prestonsburg v. West,* 55 S.W.3d 829, 835 (Ky.App.2000) (citation omitted). Thus, it follows that the lack of consideration is a legal question for the court's determination rather than an issue of material fact best suited for a fact-finding tribunal.

Accordingly, the Jefferson Circuit Court order granting summary judgment in favor of Akins is affirmed.

ALL CONCUR.