RENDERED: JUNE 12, 2026; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2025-CA-0456-MR

TERESA MARTINEZ          APPELLANT

             APPEAL FROM SHELBY CIRCUIT COURT
v.            HONORABLE MELANIE BRUMMER, JUDGE
             ACTION NO. 22-CI-00550

SHELBYVILLE MUNICIPAL WATER
& SEWER COMMISSION AND
UNIDENTIFIED EMPLOYEE(S) OR
AGENT(S) OF SHELBYVILLE
MUNICIPAL WATER & SEWER
COMMISSION          APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE: A. JONES, KAREM, AND MOYNAHAN, JUDGES.

MOYNAHAN, JUDGE: Appellant Teresa Martinez ("Martinez"), appeals from a

Shelby Circuit Court order granting summary judgment in favor of Appellees

Shelbyville Municipal Water and Sewer Commission and Unidentified

Employee(s) or Agent(s) of same ("the Commission"). After careful review, we affirm.

## BACKGROUND

This case stems from a negligence action against a municipal utility provider. Martinez owns a home within the Shelbyville city limits where she currently resides with her husband and adult daughter.[1] The Commission is Martinez's utilities provider, and one of its water meters is in her home's front yard. A Commission employee regularly reads the meter to record and bill for water usage at the residence. The meter has a locking mechanism that secures the lid when the meter is not being accessed for readings or maintenance. Martinez's husband and daughter take care of all the yardwork at the home and typically use a weed eater to trim around the meter lid whenever they cut the grass. Martinez testified that the grass had been cut "probably a couple of days" prior to the incident that led to her claim.

On April 11, 2022, Martinez had a medical appointment in Louisville, and she had arranged for her stepsister to give her a ride to the doctor's office. When her stepsister arrived, Martinez walked in a diagonal direction across the lawn to reach the waiting car in the driveway and fell when she inadvertently

---

[1] At the time of Martinez's injury nine (9) foster children were living in the home as well.

stepped on the water meter.[2]  Martinez said she "just fell in a hole" up to her knee. Her daughter helped her up, and she went on to her scheduled appointment.  She called the Commission en route to Louisville and told them she had fallen and asked them to send someone to her address to resecure the meter cover.  She then attended her regularly scheduled appointment at a Louisville pain management clinic and also visited a Shelbyville chiropractor later that same day, but she did not go to the hospital emergency room or an urgent treatment practice.

As noted, Martinez testified in her deposition that her family had trimmed the grass around the meter "probably a couple of days" just prior to her fall.  She further testified that she could not remember exactly when the Commission had last read the meter because, by her own admission, she "really didn't pay attention" to the water meter at all.  Nonetheless, she stated she was "pretty sure" it had last been read eight days to two weeks before the incident.

Nearly two years following the incident, Martinez states that her overall condition consists of more bad days than good.  She reports using a cane occasionally and recounted some difficulty climbing stairs.  She regularly sees a chiropractor and a massage therapist.

---

[2] Martinez later testified that she could not say whether the cover was partially dislodged, completely dislodged, or missing entirely when she stepped on the meter.  (Trial Record ("T.R.") p. 96).

## PROCEDURAL HISTORY

Martinez filed her complaint on December 22, 2022. She was deposed under oath in February 2024. At the hearing held in June 2024, Martinez told the court that she did not plan to conduct any additional discovery and was prepared to proceed to trial. The Commission then filed a motion for summary judgment. Martinez filed a reply to that motion along with an affidavit that is discussed in more detail below. The trial court reviewed the evidence and issued an Opinion and Order dated April 2, 2025, granting summary judgment to the Commission and dismissing Martinez's complaint. Martinez timely filed a Notice of Appeal.

## STANDARD OF REVIEW

Whether summary judgment is appropriate is a legal question that involves no factual determinations, so a trial court's grant of summary judgment is reviewed *de novo*. *Coomer v. CSX Transp., Inc.*, 319 S.W.3d 366, 370-71 (Ky. 2010); *Hallahan v. The Courier-Journal*, 138 S.W.3d 699, 705 (Ky. App. 2004). The evidence of record must be considered in the light most favorable to the non-movant party when determining whether the trial court correctly found there were no genuine issues as to any material fact and that the moving party was entitled to judgment as a matter of law. *Scifres v. Kraft*, 916 S.W.2d 779, 780 (Ky. App. 1996). Further, "[n]ot every issue of fact or conflicting inference presents a

genuine issue of material fact that requires denial of a summary judgment motion." *Grass v. Akins*, 368 S.W.3d 150, 153 (Ky. App. 2012).

## ANALYSIS

Martinez's initial complaint alleged that the Commission is vicariously liable for her alleged injury and also for negligently hiring, training, and supervising the city employees who read her water meter. Martinez took no action to identify these unknown employees, and she never amended the complaint to name them. The Commission moved for summary judgment on all of Martinez's claims, including those of negligent hiring, training, and supervision. Martinez responded to the Commission's motion but did not specifically address its arguments against employee or agent liability. Furthermore, she failed to substantively address those claims in her appellate brief. Therefore, in accordance with RAP[3] 32(A)(4), Martinez's claims against any unidentified employees or agents of the Commission are considered waived and will not be considered further.

This leaves the issue of the Commission's potential liability in this matter. In Kentucky, a water company is not liable for injuries without actual or constructive notice of the dangerous condition. *Carucci v. Northern Kentucky Water District*, 657 S.W.3d 924 (Ky. App. 2022) (citing *Louisville Water Co. v.*

---

[3] Kentucky Rules of Appellate Procedure.

*Cook*, 430 S.W.2d 322, 324 (Ky. 1968)).  Here, both parties agree there is no evidence that the Commission had actual notice of a potentially dangerous condition.  Therefore, the sole question is whether Martinez established that the condition had existed for a sufficient length of time to impute constructive notice to the Commission.

In her complaint Martinez stated that the Commission had read the meter on the same day she fell.  Then, during her deposition, she testified to being "pretty sure" the meter had been read eight days to two weeks before the incident.  She also testified that her husband and daughter had cut the grass "probably a couple of days" but no more than a week before she fell, and they did not observe the meter cover being loose.  The Commission's records showed that the meter had last been read on March 15, 2022, and no reports of the meter cover being unsecured were logged before Martinez's call.  Martinez presented no evidence that any witnesses had observed a loose meter cover, including her own family members who, by her recounting, had been near it less than a week before her fall.  The only evidence of constructive notice here is the affidavit Martinez submitted with her response.

As the party opposing summary judgment, Martinez was charged with presenting at least some affirmative evidence, showing that a genuine issue of material fact existed for a jury to decide.  *Lewis v. B & R Corporation*, 56 S.W.3d

432, 436-37 (Ky. App. 2001) (citing *Steelvest, Inc. v. Scansteel Serv. Ctr., Inc.*, 807 S.W.2d 476, 482 (Ky. 1991)). Martinez attempted to meet this burden by submitting an affidavit stating that she had personally observed Commission employees failing to correctly replace the meter cover on two separate occasions at some point in the past, laying the framework for a debate over constructive notice.

Under Kentucky's summary judgment standard, post-deposition affidavits may be admitted in order to explain deposition testimony. However, it is well established that "an affidavit which merely contradicts earlier testimony cannot be submitted for the purpose of attempting to create a genuine issue of material fact." *Lipsteuer v. CSX Transp., Inc.*, 37 S.W.3d 732, 736 (Ky. 2000). Therefore, the determinative question is whether Martinez's affidavit was proffered to clarify inconsistencies in her deposition or was produced solely to manufacture a genuine issue of material fact in order to avoid a summary judgment ruling. We find here that it was the latter.

The affidavit Martinez filed stated—for the first time—that she had watched live-streamed video from her Ring doorbell camera and personally observed a Commission employee removing the meter cover and failing to replace it correctly on two separate occasions. However, she did not offer specific—or even approximate—dates of when she viewed this footage. She neglected to explain how she accessed and viewed the footage, either via cell phone or a home

computer. Additionally, she did not save, download, or share this footage and did not explain why she made no effort to preserve it. She stated broadly that her internet provider told her the footage was no longer available but provided no documentation to this effect from the provider. Finally, no explanation was offered as to why she would observe these events and then decline to notify the Commission that the meter in her yard was left unsecured, even though numerous foster children were residing in the home at the time.

Martinez never mentioned the Ring footage during her deposition or at her hearing. She produced no objective proof of its existence apart from her own unsubstantiated statement. The Ring footage was not even mentioned until almost two full years after the injury in an affidavit that was produced *after* the Commission filed its motion for summary judgment.

Clearly, this affidavit was not produced to explain inconsistencies or clarify existing ambiguities in the deposition. To the contrary, it creates an entirely new, contradictory fact pattern wherein Martinez, instead of paying minimal attention to the water meter, carefully monitored the Commission's comings and goings in her yard on a Ring camera and professed to having documentation of its negligence which was no longer available to view. Martinez's attempt to create a genuine issue of material fact by submitting an affidavit that contradicted her prior sworn deposition is unavailing. Litigants cannot successfully defeat summary

judgment motions simply by providing self-serving statements.  *First Federal Sav. Bank v. McCubbins*, 217 S.W.3d 201, 204 (Ky. 2006).  Therefore, the circuit court's grant of summary judgment in favor of the Commission was appropriate.

## **CONCLUSION**

For the foregoing reasons, we affirm the judgment of the Shelby Circuit Court.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Dr. Kenneth J. Henry
Louisville, Kentucky

BRIEF FOR APPELLEE
SHELBYVILLE MUNICIPAL
WATER & SEWER COMMISSION:

Mark A. Osbourn
Louisville, Kentucky