CASE 12—PETITION ORDINARY—SEPTEMBER 21.

# Harrod vs. Black, &c.

### APPEAL FROM MASON CIRCUIT COURT.

1. B., &c., were indebted to K., who was indebted to H. B., &c., gave their note to H., who received it in part satisfaction of his debt against K. In an action on that note, B., &c., alleged that the note was for $90 more than they owed K. *Held* —That this would have been a valid defense *as against K.*, but was no defense as against H. (2 *A. K. M.*, 296.)

2. A prejudice to an obligee is as valid a consideration as a benefit to the obligors. (1 *Litt.*, 121 ; 4 *Mon.*, 532.)

F. T. HORD, for appellant, cited 2 *Mar.*, 453 ; *id.*, 497,

HARLAN & HARLAN for appellees.

H. TAYLOR on same side.

JUDGE PETERS DELIVERED THE OPINION OF THE COURT :

The defense to the action relied upon by appellees amounts only to this, when analyzed, that, at the time they executed their note to appellant, Black owed Kirk ninety dollars less than the note was executed for, and to that extent there was no consideration.

In a controversy between Kirk and appellees, there cannot

be a doubt that the defense would be available; but as between appellant and them, a different question arises.

Harrod was, at the time of the execution of the note, the creditor of Kirk for a larger sum than that secured by the note which he received as a payment, *pro tanto*, of that debt, and credited Kirk by the amount thereof.

The consideration of the note was the money justly due to Harrod. It was not necessary that the consideration should have moved from him to Black in order to entitle him to recover the full amount thereof. If there be a consideration of value, it is immaterial from whom it moves; that will be sufficient to give to a note legal vitality.

In *Chiles vs. Coleman* (2 *A. K. M.*, 296) it is held: " A bond given by the loser to the winner, for the payment of money won at play, is void by the statute against gaming; but if the bond be given to a person to whom the winner is justly indebted in the amount, and who is not privy to the money's being won at play, it is held not to come within the statute."

It is difficult to distinguish in principle between that case and the one before the court.

But it is well settled that a prejudice to an obligee is a consideration as effectual to render a note obligatory, as a benefit to the obligor. (*Overstreet vs. Philips and Thompson*, 1 *Litt.*, 121; *Rudd vs. Hanna*, 4 *Mon.*, 532.)

Here appellant, in consideration that appellees had executed the note in suit to him, credited Kirk, his debtor, by the amount of that note, thereby surrendering up a part of his claim on Kirk, which was to that extent prejudicial to him.

It results that the judgment of the court below is erroneous, and must be reversed; and the cause is remanded, with directions that a judgment be there rendered for $90, with interest from the period when the note matured.