CASE 4—ACTION FOR BREACH OF CONTRACT—SEPT. 21.

## Braswell's Admr. v. Braswell.

APPEAL FROM LYON CIRCUIT COURT.

JUDGMENT FOR PLAINTIFF AND DEFENDANT APPEALS. AFFIRMED.

CONTRACTS—CONSIDERATION—PREJUDICE TO OBLIGEE.

Held: An agreement by a grandfather to transfer to his grandson a stock of goods at the end of six months, and to board his family during that time, if he would abandon his home and employment in another State, and take charge of the store, giving

faithful attention to business, and accounting for such sums as he might receive, was supported by a sufficient consideration; and the grandson having complied with his agreement, the grandfather's estate is liable for a breach of the agreement to make the transfer.

WILSON AND JAMES, ATTORNEYS FOR APPELLANT.

1. We do not think there was any evidence heard on the trial which tended to show that there was a contract between plaintiff and defendant, and therefore the court erred in refusing a peremptory instruction to find for the defendant.
2. The court should have submitted to the jury the question whether there was a gift.
3. Can a gift take effect in the future?

T. J. WATKINS, ATTORNEY FOR APPELLEE.

1. Consideration of the agreement.    1 Littell 121, Overstreet v. Phillips; 4 Monroe, 533, Rudd v. Hanna; 1 Duvall 180, Harrod v. Black; Littell's Select Cases, 30, Allison v. Congleton; 1 Met., 566, Berry v. Graddy; 3 Rep., 418, Gaines v. Scott; 89 Ky., 222, Talbot v. Stemmons; 3 Am. & Eng. Ency., (1st Ed.), 831, 836.
2. Certainty of consideration and amount of recovery. 1 Beach on Contracts,. secs, 78, 657 & 710.
3. Adequacy of Consideration.    89 Ky., 222, Talbot v. Stemmons; 1 Beach on Contracts, sec. 190; 3 Am. & Eng. Ency., (1st Ed.), 830.
4. Gifts.    8 Am. & Eng. Ency. (1st Ed.), 1309; 1 Bouvier, title "Donatio."

OPINION OF THE COURT BY JUDGE PAYNTER—AFFIRMING.

While the appellee was in the employ of a railroad company, and living in the State of Mississippi, he visited Eddyville, the residence of his grandfather N. T. Braswell, during the Christmas holidays of 1892, expecting to return to his home, and continue in the service of the railroad company, he having left its employment temporarily. His grandfather insisted on him remaining at Eddyville, and, to induce him to do so, he agreed with him that if he would abandon his purpose of returning to Mississippi, and remain in Eddyville, take charge of his grocery store, act as his clerk and salesman therein for six months, give

faithful and diligent attention to business, and account for such sums as he might receive, he would board his family during the time, and at the end of that time would transfer to him 'the stock of goods then in the store, which was to be his property. He abandoned his purpose of returning to Mississippi, gave up his employment, and immediately took charge of the store, and complied faithfully with the contract which he made. On July 1, 1893, the six months expired, but his grandfather was then too ill to transact business, and from which illness he died on the 8th of that month. The facts we have stated are fully supported by the testimony. The personal representative of N. T. Braswell took charge of the stock of goods and disposed of them, and this action was instituted to recover by reason of the failure of Braswell's personal representative to comply with the contract which the grandfather had made. There was a consideration for the contract which the parties entered into. The appellee was prejudiced by reason of the fact that he gave up his employment, and came to Eddyville to take charge of the store. A prejudice to an obligee is as valuable a consideration as is a benefit to an obligor. Overstreet v. Philips, 1 Litt., 123; Rudd v. Hanna, 4 T. B. Mon. 528; Harrod v. Black, 1 Duv. 180. In addition to the prejudice which resulted to the appellee by reason of his abandonment of his employment and home in Mississippi, he labored six months for his grandfather. It was held in Allison v. Congleton, Litt. Sel. Cas. 30, that the removal of a son-in-law, at the request of his father-in-law, from the county in which he resides to the county in which the father-in-law resides, and settling there, is a valid consideration for a deed of conveyance. It was held in Berry v. Graddy, 1 Metc. 553, that

where a person was induced by another to abandon his determination to remove to Mississippi, and incurred a heavy expense in the purchase of a farm in Kentucky, by agreeing verbally to pay $5,000 of the purchase money, it was a valuable and meritorious consideration for the promise, and, the one so agreeing having died, his estate should compensate the injured party by the standard furnished by the contract itself. We are of the opinion that there was a consideration for the contract which the parties entered into, and that the contract was enforceable.