## Beauchamp v. Beauchamp.

(Decided March 9, 1923.)

## Appeal from Breckinridge Circuit Court.

1. Husband and Wife—Wife's Voluntary Assumption of Husband's Debt no Consideration for Her Note and Mortgage.—The voluntary assumption by a wife of her husband's debt after his death is not sufficient consideration for a note executed by her for the amount of the debt, or a mortgage securing the note covering land, which she purchased with her own means.

2. Husband and Wife—Facts Held Not to Show Detriment to Promisee. —Though a detriment to the promisee is as good a consideration as a benefit to the promisor, the payee of a note executed by a wife, who had voluntarily assumed the payment of her husband's debt after his death, suffered no detriment, where he did nothing which he was not bound to do, nor refrained from doing anything which he had a right to do in return for the note.

3. Executors and Administrators—Claim Against Estate not Satisfied by Note of Widow Unsupported by Consideration.—Claim of a creditor against the estate of a decedent is not satisfied by his taking from the wife of decedent a note for the amount of the debt, which was unsupported by any consideration, but the creditor was still entitled to prosecute his claim against the estate, so that he suffered no detriment thereby which could be a consideration for the note.

CLAUDE MERCER for appellant.

GUS BROWN for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

Crawford Beauchamp died intestate July 16, 1919, and was survived by his widow, the appellee, Lucretia Beauchamp, and two sons by a former wife. At the time of his death he was indebted to his son, Verner Beauchamp, upon a note for $600.00, upon which the appellant Albert Beauchamp, a brother of the decedent, was surety.

On July 29, 1919, Albert Beauchamp paid to Verner Beauchamp $632.22 in satisfaction of the note, and upon the same day Mrs. Lucretia Beauchamp executed and delivered to Albert Beauchamp her note for $632.22, and to secure its payment executed to him a mortgage upon two adjoining tracts of land owned by her. It was recited in the note that it was executed in consideration of her husband's indebtedness to the payee.

On August 20, 1919, Mrs. Beauchamp instituted this action, seeking a cancellation of the note and mortgage upon the ground that there was no consideration for same, that they were procured by fraud, and that at the time she was without mental capacity to execute same.

The appellant, by his answer, traversed the allegations of fraud and mental incapacity, but he expressly admitted that the sole consideration of the note was the assumption by the plaintiff of her husband's debt, and averred that she voluntarily assumed its payment at the request of her husband upon the day of his death; and that in 1909 her husband had a deed made to her to certain lands for which he paid over half of the consideration, and that that land had been traded for the land to which plaintiff held title at the time of her husband's death, and upon which she had executed the mortgage to the defendant.

Upon a trial, the court cancelled the note and mortgage, upon the ground that there was no consideration for same.

That the court was correct in so holding seems to us obvious from the above statement of facts, unless it had been shown by the defendant that plaintiff was not, in fact, the owner of the land upon which she executed the mortgage, but was holding same in trust for her husband. This the defendant did not even attempt to do, while plaintiff upon the other hand proved without contradiction that she had paid the entire consideration for the land with her own means when same was conveyed to her several years before her husband's death.

It is therefore apparent that the only consideration for the execution of the note and mortgage was plaintiff's voluntary assumption of the payment of a pre-existing indebtedness of her husband, and this is not a sufficient consideration to support her promise, as was held in the cases of Grimes v. Grimes, 28 Ky. L. R. 549; Gilbert v. Brown, 123 Ky. 703, 97 S. W. 40.

The only authority cited by counsel for appellant in support of his contention that there was a sufficient consideration for appellee's promise to pay the indebtedness of her husband are cases holding that a detriment to the promisee is as good a consideration as a benefit to the promissor, among which are: Braswell's Admr. v. Braswell, 109 Ky. 15, 58 S. W. 426; Wright v. Bayless, 118 S. W. 918; VanWinkle v. King, 145 Ky. 691,

141 S. W. 46; Shadwick v. Smith, 147 Ky. 159, 143 S. W. 1027.

This principle of law is of course thoroughly established, and we have no fault to find with its application in any of these cases upon the facts there presented, but the facts of this case are not such as to admit of its application, since appellant neither did anything which he was not bound to do, nor refrained from doing anything which he had a right to do in return for the promise of appellee to pay her husband's indebtedness to him.

The facts here are simply these: The widow, within thirteen days after the death of her husband, voluntarily agreed to pay his indebtedness for which she was in no wise bound, and within about twenty days thereafter repented of her action, and seeks relief therefrom.

The appellant still has his unsatisfied claim against her husband's estate, which he may prosecute in any way he deems advisable, since it was not extinguished by the transaction between him and his sister-in-law. Grimes v. Grimes, *supra*.

Hence there was no detriment to him as confessedly there was no benefit to her, to support her promise, and she was clearly entitled to have the note and mortgage cancelled.

Judgment affirmed.