Estate of Ralph W. Reardon, Deceased, Hazel R. Reardon, Administratrix, and Hazel R. McKinnell, (Formerly Hazel R. Reardon), Individually v. Commissioner.
Estate of Reardon v. Commissioner
Docket No. 49817.
United States Tax Court
T.C. Memo 1955-154; 1955 Tax Ct. Memo LEXIS 186; 14 T.C.M. (CCH) 577; T.C.M. (RIA) 55154; June 15, 1955
*186 Petitioner was paid $8,000 after the death of her husband by his former employer. Held, upon the facts, that the payment to petitioner was not compensation for services rendered to the payor; it was a gift; it is excludable from gross income under section 22(b)(3) of the 1939 Code. Andrew J. Aldridge, Esq., 44 School Street, Boston, Mass., for the petitioners. Jack H. Calechman, Esq., for the respondent. HARRON Memorandum Findings of Fact and Opinion HARRON, Judge: The Commissioner determined a deficiency in income tax for 1951 in the amount of $1,627.87. The only question to be decided is whether $8,000 paid to the widow of Ralph W. Reardon, deceased, by his employer, after his death, is taxable to the widow under section *187 22(a) of the 1939 Code. All of the facts have been stipulated. Some facts set forth in the petition are admitted by the Commissioner. Findings of Fact The stipulated facts are found as stipulated. The stipulation is incorporated herein by this reference. Ralph W. Reardon died on February 28, 1951, a resident of Quincy, Massachusetts. He was survived by two sons and his wife, Hazel, who later remarried and became Hazel R. McKinnell [1] She is a resident of Quincy, Massachusetts. She is the duly appointed and acting administratrix of the estate of Ralph W. Reardon, deceased. For the taxable year 1951, the year in which Ralph W. Reardon died, a joint income tax return was filed by Hazel, the widow of Ralph W. Reardon, deceased, as administratrix of the estate of Ralph W. Reardon, and by Hazel as an individual, with the collector for the district of Massachusetts. The total and net income reported in the joint return for 1951 were $2,147.40 and $1,554.70, respectively. The amount of the tax which was reported on return *188 was $72.35. The sum of $1,600 was included in income in the joint return for payments by Hawkridge Brothers Co. to Ralph W. Reardon prior to his death. Hawkridge Brothers Co. for whom Ralph W. Reardon worked, withheld from his salary for the two months he was alive in 1951 the sum of $288. Hazel, as the decedent's widow, did not include in income in the joint return for 1951, the sum of $8,000 which she received during 1951, after her husband's death, from Hawkridge Brothers Co. She attached to the return, however, a copy of a letter addressed to the Commissioner of Internal Revenue in which she reported the receipt of $8,000 and claimed that she had received that sum as a gift. The Commissioner determined that the payment of $8,000 in 1951 by Hawkridge Brothers Co. to Hazel is taxable income under section 22(a) of the Code. He increased the reported income by $8,000. At the time of his death, Ralph W. Reardon had been employed by Hawkridge Brothers Co. for a number of years. Shortly after the death of Ralph W. Reardon, Edwin Hawkridge, the then assistant-treasurer of Hawkridge Brothers, informed Hazel that she would receive from Hawkridge Brothers an amount equivalent to the *189 salary which Ralph W. Reardon would have received if he had lived and continued to work for Hawkridge Brothers for the balance of the taxable year 1951. There was no contract between the employer, Hawkridge Brothers, and the employee, Ralph W. Reardon, providing for the payment of such amount, or any other amount, by reason of the death of Ralph W. Reardon. Hawkridge Brothers was not obligated by contract to pay Hazel such amount or any other amount. At the time of his death, Ralph W. Reardon had been paid in full for all the services which he rendered to Hawkridge Brothers during 1951, up until the time of his death, and during all prior years. Hazel never performed any services for Hawkridge Brothers before or after she received the sum of $8,000. Hazel did not, and does not, have any investment in Hawkridge Brothers. The payment of $8,000 to Hazel, the widow, in 1951, by Hawkridge Brothers, constituted a gift. It was not a payment of compensation for services rendered by the decedent to Hawkridge Brothers. Opinion The sole question presented is whether the amount of $8,000 which was paid to petitioner after her husband's death by his former employer is includible in *190 her gross income under section 22(a) of the 1939 Code. Petitioner contends that the payment was a gift, excludible from her gross income under section 22(b)(3) of the 1939 Code. Respondent contends that the payment constituted taxable income to petitioner on the grounds that it was made in consideration of services rendered by her husband to the payor. The question presented is one of fact. Whether the payment was a gift or taxable income to petitioner depends upon the intention of the parties, particularly that of the payor. The intent of the payor is to be determined from a consideration of all the facts and circumstances surrounding the payment. ; ; . We have found as a fact, after considering all the evidence that the payment to petitioner was intended as and was a gift. See ; . It has been stipulated that Reardon was paid in full during his lifetime for the services which he rendered to Hawkridge Brothers Co. in 1951, and in prior years. Also, that Hawkridge *191 Brothers Co. was not under any legal or contractual obligation to make any payment to the petitioner. The payment was purely voluntary. The payment to petitioner was occasioned by her husband's death. He had been an employee of Hawkridge Brothers Co. for a number of years prior to his death. The reasonable inference from the facts is that, in making the payment, Hawkridge Brothers Co. was inspired by gratitude for Reardon's past faithful service, and by a desire to provide financial assistance to his widow. The payment appears to have been an act of "spontaneous generosity" for which the payor neither received nor anticipated any benefit of any kind. It is well settled, as respondent contends, that payment for services, even though made voluntarily, may nevertheless be taxable compensation. . It does not follow, however, that a gratuitous payment in recognition of past services is likewise taxable compensation. ; As was pointed out by the Supreme Court in , a gift is nonetheless a *192 gift because inspired by gratitude for past faithful services. It is held upon the facts that the payment of $8,000 made by Hawkridge Brothers Co. to the petitioner in 1951 was a gift. Accordingly, the payment is excludible from petitioner's gross income under section 22(b)(3) of the 1939 Code. The respondent's determination is reversed. Decision will be entered for petitioners. Footnotes
1. The record does not show when the decedent's widow, Hazel, remarried. Presumably, she remarried after she filed the joint income tax return for 1951.↩