Ralph P. RICH, Receiver, and City of Erlanger, Appellants,

v.

Anthony PAPPAS (Intervening Petitioner), Irene Gross, Administratrix, and Stewart G. Stewart (Intervening Petitioners), Appellees.

No. 12486.

United States Court of Appeals Sixth Circuit.

Feb. 9, 1956.

Carl H. Ebert, Newport, Ky., William Hyman, Cincinnati, Ohio (Henry J. Cook and Walter J. Burke, Ebert, Cook & Burke, Newport, Ky., on the brief), for appellees.

John Colville Taylor and Walter E. Beckjord, Cincinnati, Ohio (Peck, Shaffer & Williams, Cincinnati, Ohio, Ervin L. Bramlage, Cincinnati, Ohio, Ralph P. Rich, Covington, Ky., on the brief), for appellants.

Before SIMONS, Chief Judge, and ALLEN and MILLER, Circuit Judges.

SHACKELFORD MILLER, Circuit Judge.

The appellees, Anthony Pappas, Irene Gross, Administratrix of the Estate of Irwin C. Gross, deceased, and Stewart G. Stewart, sought by these proceedings to enforce collection of certain Sanitary Sewer System Bonds, and coupons attached, owned by them and alleged to have been issued by the City of Erlanger, appellant herein. The City contended that the bonds were not legally issued and were unenforceable in the hands of the appellees. The District Judge, hearing the case without a jury, gave judgment for the appellees, from which this appeal was taken.

In 1936, the City of Erlanger, Kentucky was duly authorized by ordinance to issue bonds in the principal amount of $150,000 bearing date of March 15, 1936 and bearing interest at the rate of not to exceed 6% per annum payable semi-annually, for the purpose of defraying the cost of construction of sanitary sewers in the City. The bonds were printed and executed by the Mayor and the Town Clerk, but no ordinance was ever enacted authorizing the delivery of the bonds to anyone. However, certain of the bonds thereafter came into the hands of persons who claimed to be holders in due course thereof. Upon refusal of the City of Erlanger to pay past due interest coupons and the principal of matured bonds, some holders thereof brought action in the United States District Court to enforce collection by applying the revenue from the operation of the sewer system to the payment of the bonds and for the ap-

**310**

pointment of a Receiver to accomplish that result. The District Court held the bonds valid and the appellant, Ralph P. Rich, was appointed Receiver. On appeal, City of Erlanger v. Berkemeyer, 6 Cir., 207 F.2d 832, 38 A.L.R.2d 918, we reviewed the facts giving rise to the controversy. It is unnecessary to repeat them here. We held that although the bonds had not been validly issued, they were by reason of certain provisions of the Kentucky Statutes negotiable in character and were enforceable in the hands of a holder in due course or of one acquiring title through a holder in due course and who was not himself a party to any fraud or illegality affecting the instrument. We also held that one who was a holder in due course by reason of being a pledgee of the bonds, rather than a purchaser, was a holder in due course only to the extent of the indebtedness which the pledge secured.

Following the remand to the District Court for further factual findings and further proceedings in connection with the receivership, the appellee Pappas filed an intervening petition therein in which he alleged that he was the owner and holder of a past due and unpaid promissory note in the principal amount of $1,580, secured by a pledge of five $1,000 bonds of the same issue carrying past due and unpaid coupons, in the total amount of $5,400.00 He sought enforcement of his pledge interest. Appellees Gross and Stewart also filed their intervening petition seeking enforcement of eighteen $1,000 bonds of the same issue held by them. The District Judge, following the ruling of this Court on the prior appeal, found the appellee Pappas to be a holder in due course to the extent of his pledge interest in the five bonds held by him and entered judgment to that effect. The appellees Gross and Stewart were holders of the bonds through inheritance from one Julius Berends, who owned the bonds at the time of his death and whose rights therein they sought to enforce. The District Judge found Berends to be a holder in due course of the eighteen bonds held by him, and under the provisions of Section 356.058 Kentucky Revised Statutes entered judgment for the appellees Gross and Stewart.

Appellants recognize the ruling that the bonds are negotiable in character and that the rights of holders in due course will be enforced. They contend, however, that in order to be a holder in due course it was necessary for the appellees to comply with the requirements of Section 356.052 Kentucky Revised Statutes, which provides as follows:

"A holder in due course is a holder who has taken the instrument under the following conditions:

"(1) That the instrument is complete and regular upon its face.

"(2) That he became the holder of it before it was overdue, and without notice that it had been previously dishonored, if such was the fact.

"(3) That he took it in good faith and for value.

"(4) That at the time it was negotiated to him he had no notice of any infirmity in the instrument or defect in the title of the person negotiating it."

They contend that the evidence not only fails to fulfill these requirements but also affirmatively shows that both Pappas and Berends had notice of the infirmity in the instrument and defect in the title at the time they became holders. The evidence was devoted largely to this phase of the case, and it is urged upon us on this review that the findings of the District Judge are unsupported by the evidence and are clearly erroneous.

■ A preliminary question is presented by the pleadings. Section 356.-059 Kentucky Revised Statutes provides in part as follows: "Every holder is deemed prima facie to be a holder in due course; but when it is shown that the title of any person who has negotiated the instrument was defective, the burden is on the holder to prove that he or some person under whom he claims acquired the title as a holder in due course.

* * * " The intervening petition of Gross and Stewart states that Berends was the holder of the eighteen bonds prior to his death. The intervening petition of Pappas states that he was the owner and in possession of the five bonds he sought to enforce. The evidence fully sustained those allegations, and under the statute constituted a prima facie case of holder in due course.

Appellants contend, however, that since it was shown that there was a defective title in the negotiation of the bonds the burden was on the appellees to prove themselves holders in due course as defined by Section 356.052. Appellants' answers do not plead affirmatively the defect in title now relied upon, and it is well settled that proof without pleading does not raise an issue and is as unavailable as pleading without proof. Conley v. Boyd Oil & Gas Co., 220 Ky. 753, 754, 295 S.W. 1025; Mannington Fuel Co. v. Ray's Adm'x., 250 Ky. 736, 741, 63 S.W. 2d 933; Wigginton's Adm'r v. Louisville Ry. Co., 256 Ky. 287, 294, 75 S.W.2d 1046. Although the answers deny material allegations of the intervening petitions, such denials do not raise affirmative defenses. Hatcher-Powers Shoe Co. v. Hitchens, 232 Ky. 87, 22 S.W.2d 444. But the parties tried the present issues against the background of the prior litigation. Pleadings and evidence in that litigation was referred to as a part of these proceedings. We are of the opinion that the issue of whether the appellees were actually holders in due course was one of the issues involved and litigated by the parties even though not specifically raised by the pleadings. It will be so treated by us. Rule 15(b), Rules of Civil Procedure, 28 U.S.C.A.; Ernst v. General Refractories Co., 6 Cir., 202 F. 2d 485, 486.

With respect to the claim of Pappas the evidence sustains the finding of the District Judge. Pappas received the bonds, which were complete and regular upon their face, before their maturity, as a pledge to secure a note representing borrowed money. We find noth-ing in the transaction which challenges the good faith of Pappas in making the loan, which was in its principal amount the same as the amount of the money actually loaned by him, with interest at the legal rate. Appellants' contention that the fact that the loan was negotiated by the City Solicitor of Erlanger, who signed the note individually instead of in the name of the municipality, was notice to him of defect in the title of the bonds was rejected by the District Judge, which ruling we do not find clearly erroneous. Rule 52(a), Rules of Civil Procedure.

The bonds owned by Berends were found in his safe deposit box at a Cincinnati bank following his death on November 12, 1943. In August or September, 1943, at Berends' request, his attorney and an adviser accompanied him to the bank and saw the bonds in the safe deposit box. Three of the eighteen bonds matured on March 15, 1943, and had the last coupon attached. The other bonds had maturity dates of March 15th in different years of the period 1944 through 1967. The coupons due March 15, 1943 had been detached from these bonds and placed in a small envelope. The coupons due at later dates were still attached.

Appellees introduced in evidence through Berends' attorney some pages of paper in the handwriting of Berends containing a chronological statement of numerous expenditures of various kinds made by Berends during the period of October 23, 1941 through May 18, 1943. It contained entries as follows: "Oct. 25, 1941. C. A. Kroger for 3 Erlanger bds 3100"; "March 9, 1942. Clement A. Kroger for 2 Erlanger bds par 2000" and "April 13, 1942. Erlanger 6% bonds $3000 from Clem A. Kroger 2009." It is contended by appellant without much opposition from appellees that this last entry had reference to two bonds instead of three, since $9.00 was the accrued interest for a little less than a month on two bonds. A similar record for other periods of time could not be found. Nor were any cancelled checks or other records of Berends, or bank statements or

records introduced to supplement the above and show when or from whom the other eleven bonds were acquired and under what circumstances and for what consideration, if any.

Evidence was introduced which showed that as the coupons on the bonds fell due over a period of several years they were deposited by Berends in the bank for collection and upon not being collected through the usual banking channels and upon being returned to Berends he gave them to C. A. Kroger who would shortly thereafter pay Berends the amount called for by the coupons, telling him that he had collected on them and didn't know why the bank couldn't. Kroger operated a financing business lending money on chattel mortgages. He handled and collected the rents from several pieces of real estate owned by Berends. He also at times borrowed considerable money from Berends, giving notes therefor. The inventory of the contents of Berends' safe deposit box made after his death by an agent of the Department of Taxation of Ohio showed ten notes totaling $22,000.-00 executed by Kroger to Berends on different dates between January 18, 1940 and July 28, 1943, with all but one being payable on demand. Kroger died October 7, 1943.

The District Judge made a finding of fact that Berends, prior to March 15, 1943 purchased the eighteen bonds and coupons in good faith from Clement A. Kroger for the sum of $18,000.00, and at the time of his acquisition he had no notice of any infirmity in the bonds or coupons, nor of any defect in the title of the party negotiating them, and that Berends was not a party to any fraud or illegality affecting said bonds. Based on the finding he ruled that Berends was a holder in due course.

■ Appellants contend that excepting the seven bonds included in the statement of disbursements there was no evidence as to the dates when the bonds were acquired or for what consideration. The evidence only shows that they were acquired between September 3, 1938, and August or September, 1943. But the exact dates are immaterial so long as

they were before maturity. We agree that with respect to the three bonds maturing March 15, 1943 they could have been acquired after maturity and that there is nothing in the record to show that they were acquired before maturity. The appellees failed to sustain the burden of proof with respect to these three bonds and any recovery based on them is set aside.

■ It is true that there is no direct evidence, excepting the statement of disbursements, showing what consideration was paid for the bonds. But the amount of the consideration is not important or decisive, provided there is consideration in some amount. Union Gas & Oil Co. v. Wiedeman Oil Co., 211 Ky. 361, 277 S.W. 323; Justice v. Justice, Ky., 237 S.W.2d 866. Nor is it necessary that the consideration be in the form of money. The performance of services or the exchange of property would suffice. Talbott v. Stemmons' Ex'r, 89 Ky. 222, 12 S.W. 297, 5 L.R.A. 856; Braswell's Adm'r v. Braswell, 109 Ky. 15, 58 S.W. 426.

■■ Mere possession of negotiable bonds before maturity without more is not sufficient to prove one a holder for value. But in this case there was more than possession before maturity. The bonds were in a safe deposit box of the decedent together with other bonds of the same issue purchased by the decedent at par and held as investments. There is nothing to suggest in any way acquisition by way of gift or in any way other than in the usual course of business. There were bona-fide business relations and transactions over a period of years between the holder and the person from whom they were acquired, including the lending of money in substantial amounts by the holder. At the time of his death, Berends held unpaid, past due notes in a total amount larger than the par value of the bonds. When difficulty was encountered in collecting the interest coupons the person from whom the bonds were acquired assumed the obligation normally resting upon one who sells such instruments in the usual course of trade and saw that the interest was paid, strongly supporting the logical inference:

that the transfer had been supported by consideration. The District Judge was authorized to draw all reasonable inferences from these uncontradicted facts. Such inferences unless clearly erroneous are controlling on this review. United States v. United States Gypsum Co., 333 U.S. 364, 394, 68 S.Ct. 525, 92 L.Ed. 746; United States v. Cold Metal Process Co., 6 Cir., 164 F.2d 754, 755.

�new▬ With respect to fifteen of the eighteen bonds involved, and the coupons belonging thereto, the findings of the District Judge that they were acquired by Berends before maturity, in good faith, for value, and without notice of any infirmity or defect in title, are not clearly erroneous, and his ruling that the bonds are now held by the appellees Gross and Stewart as holders in due course and can be enforced by them is affirmed.

The judgment in favor of the appellee Pappas is affirmed.

The judgment in favor of the appellees Gross and Stewart is affirmed in part and reversed in part and the action is remanded to the District Court for further proceedings consistent with the views expressed herein.