Maurice **WEINHART**, Individually, and
d/b/a Federal Scrap Iron and Metal
Company, Appellant,

v.

**ÆTNA INSURANCE COMPANY**, a Connecticut Corporation, Boston Insurance
Company, a Massachusetts Corporation, et al., Appellees.

No. 13062.

United States Court of Appeals
Sixth Circuit.

Oct. 16, 1957.

Joseph A. Luyckx, Detroit, Mich., for appellant.

Davies & Moesta, Detroit, Mich., Rodman C. Moesta, Detroit, Mich., of counsel, for appellees.

Before SIMONS, Chief Judge, and ALLEN and MILLER, Circuit Judges.

PER CURIAM.

Following a fire on May 7, 1952, on the third floor of a business building in Detroit, Michigan, the appellee insurance companies paid to the owners of the building $18,485 under their policies of insurance to cover the cost of repairs for the damage caused by the fire. As subrogees of the owners, the appellees brought this action against the appellant to recover the amounts so paid, alleging that the fire was caused by his negligence.

In preparing the building for new tenants, the owners had contracted with the appellant for the removal by him of certain pipe in the building, which passed through wood floors and ceilings. In doing the work appellant used an acetylene torch. On the day of the fire appellant's employees quit work at 3:30 p. m. and left the premises between 3:30 p. m. and 4:00 p. m. The fire was discovered and reported to the Fire Department at 8:34 p. m. There was no eye witness as to how the fire started.

The District Judge, trying the case without a jury, found that the appellant did not use proper care in operating the acetylene torch; that the fire was caused by sparks given off in the operation of the torch coming in contact with the pipe on the third floor of the building; that a small fire had been started by one of appellant's employees a day or two previous to the fire involved in this case, which was called to his attention and was put out by an employee of the owners of the building; that the appellant did not make a proper inspection of the premises after using the torch to determine whether or not any sparks given off by the metal were still smouldering before leaving the property; and that the fire was caused by the negligence of the appellant or his workmen. He also found that the owners of the building used proper care, under the circumstances, to protect their own property and were not contributorily negligent. He gave judgment for the appellees in the amount of $18,485, from which this appeal was taken.

Although there was some conflict in the evidence, the findings of fact upon which the finding of negligence is based

are supported by the evidence and are not clearly erroneous. Witnesses available to appellant who could have testified about the facts in dispute were not offered by appellant, with the resulting inference that their testimony would have been unfavorable. Shuell v. London Amusement Co., 6 Cir., 123 F.2d 302, 306.

The finding that negligence on the part of appellant was the cause of the fire was a justifiable conclusion from the basic facts, and not being clearly erroneous must be accepted on this review. United States v. United States Gypsum Co., 333 U.S. 364, 394, 68 S.Ct. 525, 92 L.Ed. 746; Rich v. Pappas, 6 Cir., 229 F.2d 308, 313.

The judgment is affirmed.