**UNITED STATES of America,
Appellant,**

v.

**Eleanor A. BANKSTON, Appellee.**

**No. 13347.**

United States Court of Appeals
Sixth Circuit.

May 5, 1958.

James P. Turner, Washington, D. C.,
and Charles K. Rice, John N. Stull, Lee
A. Jackson, I. Henry Kutz, Washington,
D. C., Millsaps Fitzhugh, Edward N.
Vaden, Memphis, Tenn., on the brief, for
appellant.

J. Fraser Humphreys, Jr., Memphis,
Tenn., and Edward J. Lawler, Memphis,
Tenn., on the brief, for appellee.

Before McALLISTER and STEW-
ART, Circuit Judges, and CECIL, Dis-
trict Judge.

PER CURIAM.

The question presented by this appeal
is whether or not approximately $20,-
000.00 paid in the year 1952 to Eleanor
A. Bankston, appellee and plaintiff in the
District Court, should be included in her
gross income of that year for income tax
purposes.

The district judge made findings of
fact and stated his conclusions of law.
To summarize briefly, the facts are:
Plaintiff is the former Eleanor A. Hum-
phreys, widow of Selden Humphreys,
who died suddenly June 2, 1951, at age 41
or 42. Mr. Humphreys was founder of
Tennessee Soap Company, a corporation
organized June 12, 1946. At the time of
his death he owned 155 shares of the
company's stock. His wife owned 93
shares and Philip Hack owned 31 shares.
These three shareholders were the direc-
tors of the corporation. The widow was
executor and sole beneficiary under the
will of the decedent. On June 28, 1951,
Edward J. Lawler, the corporation's at-
torney, was appointed an acting director
in place of the deceased's husband. A
resolution in which the plaintiff taxpayer
did not participate was passed as follows:

"Resolved, That there shall be paid to
Mrs. Eleanor A. Humphreys, the widow
of Mr. Selden Humphreys, in recognition
of the services rendered by Mr. Hum-
phreys, the sum of $1,666.55 per month
on the last day of each month commenc-
ing with the last day of July, 1951, and
continuing for eighteen (18) months."

Pursuant to this resolution $19,999.92
was paid in 1952. On March 13, 1953,
the taxpayer made her return for 1952
and included this sum upon which she
paid tax of $7812.13. She made a claim
for return of this amount March 13,
1956, which claim was rejected August 1,
1956.

The deceased left four minor children,
ranging in age from 3 to 15 years.

The money in question was paid out of
the surplus of the corporation.

It is the contention of the Government
that as a matter of law, this payment is
a dividend to the stockholder which must
be included in gross income. In support
of this claim, the Government cites 26
U.S.C. Section 115(a) (1939) as follows:

" * * * The term 'dividend' when used in this chapter * * * means any distribution made by a corporation to its shareholders, whether in money or in other property, (1) out of its earnings or profits accumulated after February 28, 1913 * * * "

The district judge concluded (Conclusions of Law III):

"The question presented is one of fact. Whether the payment was a gift or taxable income to the plaintiff, Mrs. Eleanor A. Bankston, depends upon the intention of the parties, particularly that of the donor. The intent of the donor is to be determined from a consideration of all the facts and circumstances surrounding the payment. Louise K. Aprill, 1949, 13 T.C. 707; Alice M. Macfarlane, 1952, 19 T.C. 9; Estate of Ralph W. Reardon, 1955, 14 T.C.M. 577."

It has been held that a corporation may make a gift. Bogardus v. Commissioner of Internal Revenue, 302 U.S. 34, 58 S.Ct. 61, 82 L.Ed. 32; Richards v. Commissioner of Internal Revenue, 5 Cir., 111 F.2d 376.

There is no question that under similar circumstances a gift could have been made to a valued employee's widow who was not a stockholder. We do not believe that it was the intent of Congress in passing this section of the statute to exclude the right of a corporation to make a bona fide gift, when under all the circumstances, reason and justice warrants it, merely because the recipient chances to be a stockholder.

We make no general rule and see no reason for the Government to be apprehensive that corporations will be able to declare tax-free dividends in this manner. Each alleged gift will have to be judged on its own merits and stand the test of being truly a gift.

We approve the findings of fact made by the trial judge and for the reasons herein stated, affirm his conclusions of law as correct.

Upon the findings of fact, conclusions of law and authorities cited by the trial judge, the judgment is affirmed.