Norman G. ZACHARY and Edward J.
Zacharski, Appellants,

v.

UNITED STATES of America,
Appellee.

No. 13919.

United States Court of Appeals
Sixth Circuit.

March 2, 1960.

Theodore G. Albert, Detroit, Mich., Norton N. Wisok, Wisok & Albert, Detroit, Mich., on brief, for appellants.

Donald F. Welday, Jr., Asst. U. S. Atty., Detroit, Mich., Fred W. Kaess, U. S. Atty., Detroit, Mich., on brief, for appellee.

Before CECIL, POPE and WEICK, Circuit Judges.

POPE, Circuit Judge.

An indictment was returned against the appellants, who are brothers, charging them, in 138 counts, with presenting fraudulent claims against the United States, (counts 1 to 70); with forging, uttering and publishing a number of United States Treasury checks, (counts 71 to 91), and with making false statements to the Post Office Department, (counts 92 to 138). A final count, No. 139, charged the appellants with conspiring to present to the Treasury Department false and fraudulent tax returns claiming refunds due.

At the outset of the trial the appellant Norman Zachary pleaded guilty to counts 1 through 138 inclusive. Appellant Edward Zacharski pleaded not guilty on all counts. The defendants were tried together; Edward Zacharski being tried on all substantive counts as well as on the conspiracy count, and Norman Zachary on the conspiracy charge alone. During the course of the trial the court entered a judgment of acquittal as to Edward Zacharski on counts 71 to 138, inclusive. The jury found him guilty on counts 1 to 70, inclusive, and count 139; Norman Zachary was found guilty on count 139.

Each defendant was sentenced to imprisonment for a period of five years on each count, that is to say, Edward Zacharski on counts 1 to 70 inclusive, and 139, and Norman Zachary on each of counts 1 to 139 inclusive. All of said terms of imprisonment were to run concurrently.

Upon this appeal appellants contend first that the trial court should have granted their motions for acquittal because of the insufficiency of the evidence, and second, that the court should have set aside the verdict because of a communication between the bailiff and a member of the jury at a time when the

jury had retired and before it had returned its verdict.

■ So far as the appellant Norman Zachary is concerned, he is in no position to complain with respect to these matters. As indicated, he was tried on the conspiracy count alone,—count 139. He pleaded guilty to counts 1 to 138, inclusive. On each of these counts he was sentenced to a term of five years. No error relating to his trial on count 139 need be considered by us since the sentences upon all counts run concurrently with the sentence on the counts with respect to which he pleaded guilty. Sinclair v. United States, 279 U.S. 263, 299, 49 S.Ct. 268, 73 L.Ed. 692; Hirabayashi v. United States, 320 U.S. 81, 63 S.Ct. 1375, 87 L.Ed. 1774; Pinkerton v. United States, 328 U.S. 640, 66 S.Ct. 1180, 90 L.Ed. 1489; Lawn v. United States, 355 U.S. 339, 359, 362, 78 S.Ct. 311, 2 L.Ed.2d 321.

So far as Edward Zacharski is concerned, his argument that there was insufficient evidence to sustain a verdict against him is in turn based upon his contention that certain pencilled copies of the tax returns of one Bracob were improperly admitted and received in evidence. He asserts that without those copies there was insufficient evidence to connect him with the filing of the 70 false tax returns which were the basis of the first 70 counts of the indictment.

The evidence disclosed that these 70 returns, showing large overpayment of taxes through withholding and consequent substantial refunds payable by the Government, were filed in the names of 70 completely fictitious and non-existent persons. The Post Office records showing that purported requests for changes of address had been filed with it in the names of these 70 fictitious taxpayers changing the addresses to 20252 Van Dyke, Detroit, Michigan. The result of these changes of address would be that the refund checks, if issued, would be mailed to that address. It was the office and place of business of the two defendants. After evidence indicating that some one at that address was responsible for the fictitious returns, a search warrant authorizing search of that place was issued together with a warrant for the arrest of Edward Zacharski. The officers proceeded to search the premises and arrest Zacharski who, upon such arrest, volunteered statements indicating his complete familiarity with the false returns and anticipated refunds.

In that search the officers found the pencilled copies of the Bracob tax returns. These were shown to be in the handwriting of Edward Zacharski. Bracob was an actual taxpayer who had made a return which was the basis for a substantial tax refund to him. The significance of the pencilled copies was not merely that they were in the handwriting of Edward Zacharski, but that a comparison of them with the 70 fictitious returns would warrant an inference that they had been the model from which the false returns had been copied, or on which they were modeled.

The contention is that these copies were inadmissible because their seizure and introduction in evidence amounted to an unlawful seizure and compulsory production of a party's private papers to be used against him in a criminal case in violation of the Fourth and Fifth Amendments as expounded in Boyd v. United States, 116 U.S. 616, 6 S.Ct. 524, 29 L.Ed. 746.

■ There are several reasons why this contention cannot be made here. In the first place, no such objection was interposed by Zacharski at the time these pencilled copies were offered and received. They were objected to but upon an entirely different ground.[1] In the second place, a claim of unreasonable search or seizure such as this may not be urged where the party fails to move to suppress the evidence in question prior

---

1. "The Court: What is the objection? Mr. Fordell: Because there is no proof that those figures that appear on that copy there were figures that were made up by Mr. Zacharski. Just some handwriting on those copies."

to the time of trial. United States v. Sheba Bracelets, 2 Cir., 248 F.2d 134, 142 to 143, and cases there cited; Criminal Rule 41(e), 18 U.S.C.A. We fail to perceive any reason why these copies, strong circumstantial evidence against Zacharski, should be deemed the product of unreasonable search or seizure any more than any other evidence or matter which might have been obtained through the duly authorized search of the defendant's premises.

The question concerning an alleged prejudicial and improper communication between the bailiff and a member of the jury arose in the following manner:—the jury's verdict was returned on October 31, 1958. Within the five days allowed for such a motion defendants moved for a new trial on the grounds that the court should have ordered an acquittal, the verdict was contrary to the weight of the evidence, and that the verdict was not supported by substantial evidence. That motion was heard and denied on January 5, 1959. On January 14, 1959, defendants filed a so-called "Motion to Vacate and to Set Aside Verdict and to Grant New Trial" through new counsel substituted for those who represented them at the trial. Made parts of the motion were the affidavits of the two defendants.

The affidavit of Norman Zachary stated that on the last day of the trial he was sitting in the courtroom when he heard knocks on the jury room door; that the bailiff ran to the door and opened it; that he heard the bailiff say "Yes" and a woman's voice replied that the jury is ready; that they had brought in a verdict on the first 70 counts; that the bailiff said in a louder voice: "Oh no, go back and bring in a verdict on all counts, you are not finished yet. Oh no, go on in back, you have to bring a verdict on all counts." That thereafter affiant had asked the bailiff what happened and the bailiff recounted what he had said to the juror. The affidavit states that thereupon Zachary told his brother what had happened. The affidavit also states that he told his attorney what had hap-

pened. The affidavit of Edward Zacharski is to the same effect; that both he and his brother and their attorney learned of this incident at the time it happened or shortly thereafter.

■ Since the matters set out in this motion to vacate and set aside the verdict would not constitute any basis for a collateral attack upon the verdict or the judgment under Sec. 2255 of Title 28, and since the motion was filed long after the five day period permitted by Rule 33, F.R.Crim.Proc. in other cases, if it had any standing at all it must be as a motion for new trial on the ground of newly discovered evidence. Rubenstein v. United States, 10 Cir., 227 F.2d 638. It is plain that appellants must have treated it as such for they filed a separate notice of appeal from the order denying their motion. Such an order is appealable. Balestreri v. United States, 9 Cir., 224 F.2d 915, 917. But as the case just cited said with respect to such a motion, quoting from the Eighth Circuit [Johnson v. U. S., 32 F.2d 127], "The evidence must be in fact newly discovered, i. e. discovered since the trial." See in accord, Pitts v. United States, 9 Cir., 263 F.2d 808, 810; United States v. Costello, 2 Cir., 255 F.2d 876, 879; United States v. Howell, 3 Cir., 240 F.2d 149, 159; United States v. Marachowsky, 7 Cir., 213 F.2d 235, 238.

■ . The motion here showed on its face that the facts on which it was based came to the attention of the defendants and their counsel before the verdict of the jury was returned; it is plain therefore that the motion cannot qualify as one for a new trial based on newly discovered evidence. The proper time to have presented these matters to the court was when the first motion for a new trial was made on November 5, 1958. Appellants simply failed to utilize the one available remedy they had.

■ When the trial court considered this motion to vacate the sentence, it had nothing before it upon which it was authorized to act; also when the court did undertake, notwithstanding this in-

firmity in the motion, to pass upon its merits, it found as a fact that the communication from the bailiff to the juror was not prejudicial. There was no controversy as to the fact of that communication, but the inference which the court drew that the communication as made was not prejudicial was an inference which the court could properly make if it was entitled to consider the motion at all. Such an inference is a finding of fact.[2] We cannot perceive that this finding was clearly erroneous or that in making that ruling the trial court abused its discretion.

Since we find no error in the record the judgment and the order are affirmed.

2. "Even where there is no dispute about the facts, if different reasonable inferences may be drawn from the evidence, we are forbidden to disturb the findings based on such inferences unless they are clearly erroneous." Central Ry. Signal Co. v. Longden, 7 Cir., 194 F.2d 310, 318. Accord: Rich v. Pappas, 6 Cir., 229 F.2d 308, 313.