UNITED STATES of America,
Appellant,

v.

Emma A. ALLINGER, Individually, and Emma A. Allinger, Ruth E. Gibson and G. Lincoln Gibson, Jr., as Trustees under the Will of Charles E. Allinger, Deceased, Appellees.

No. 13900.

United States Court of Appeals
Sixth Circuit.

March 3, 1960.

---

Joseph Kovner, Dept. of Justice, Washington, D. C., Charles K. Rice, Atty. Gen., Lee A. Jackson and James P. Turner, Dept. of Justice, Washington, D. C., Frederick W. Kaess, U. S. Atty., Elmer L. Pfeifle, Jr., Detroit, Mich., on brief, for appellant.

William H. Baldwin, Detroit, Mich., Frank H. Boos, of Baldwin, Boos & Baldwin, Detroit, Mich., on brief, for appellees.

Before CECIL and WEICK, Circuit Judges, and KENT, District Judge.

PER CURIAM.

The sole question in this case is whether the sum of $35,000 paid by The Chas. A. Strelinger Company to Emma A. Allinger, widow of Charles E. Allinger, is taxable income or exempt as gifts under Section 22(b) (3) of the Internal Revenue Code of 1939, 26 U.S.C.A. § 22 (b) (3).

The facts are not really disputed and according to the "findings" of the Trial Judge are briefly as follows: The Strelinger Company is a corporation organized under the laws of Michigan and was substantially owned by the Charles T. Bush and Charles E. Allinger families. Bush and Allinger owned, respectively, approximately 30 and 37% of the stock. About five percent of the stock was owned outside of the two families. The two principal stockholders had been employed by the Company for more than fifty years at the time of the death of Allinger in 1951, and at that time and for several years prior thereto each had received an annual salary of $35,000. The directors were Charles T. Bush, his son A. Stansell T. Bush, Charles E. Allinger and his son-in-law, G. Lincoln Gibson, Jr.

In 1947 the two principal stockholders, by reason of age and health, became concerned about what would happen to their wives in the event of their deaths. Thereupon, they made mutual promises that if either one predeceased his wife the Company would pay to the surviving spouse an amount equal to the salary of the deceased at the time of the death for a period not to exceed one year. These promises were discussed with the respective families.

About a month after the death of Allinger, the Board of Directors met and passed a resolution, as follows: "Resolved, that in confirmation of a voluntary agreement previously entered into as of October, 1948, the Chas. A. Strelinger Company, in consideration for past services, shall voluntarily, upon the death of Chas. T. Bush or Charles E. Allinger, pay to the widow of its president, Chas. T. Bush, or its secretary-treasurer, Charles E. Allinger, an amount equal to the salary of said Bush or Allinger at the time of such death for a period not to exceed one year from the date of such death, and be it"—

It was further resolved that if either wife should predecease her husband or die before the full amount equal to a year's salary had been paid, the money was to be paid to the respective estates.

The wives were not required to perform any duties or make any contribution to the Company. The duties and responsibilities of Mr. Allinger were not intended to be increased and were not increased as a result of his understanding with Mr. Bush.

Mrs. Allinger received $35,000, the full amount of a year's salary, during the years 1951 and 1952. She paid the tax and then brought this action to recover it back for the reason that it had been unlawfully collected. The Trial Judge found that the payments to Emma A. Allinger, by the Company, were "voluntary gratuities" and not subject to tax.

"The question presented is one of fact. Whether the payment was a gift or taxable income * * * depends upon the intention of the parties particularly that of the donor. The intent of the donor is to be determined from a consideration of all the facts and circumstances surrounding the payment." United States v. Bankston, 6 Cir., 254 F.2d 641, 642. Intention must govern. Bogardus v. Com. of Internal Rev., 302 U.S. 34, 43, 58 S.Ct. 61, 82 L.Ed. 32.

There are many cases on the subject but the thread running through all of them is that each case must be judged upon its own merits. There is no exact standard of measurement. The court must consider the peculiar facts of each case and determine whether from them an intention to make a gift is manifested and if the facts logically and reasonably support such a conclusion. See the following cases:

Commissioner of Internal Revenue v. Jacobson, 336 U.S. 28, 51, 69 S.Ct. 358, 93 L.Ed. 477; Bounds v. United States, 4 Cir., 262 F.2d 876, 884; Peters v. Smith, 3 Cir., 221 F.2d 721.

The Trial Judge made a careful and comprehensive "findings of fact" and drew his inferences and conclusions therefrom. He had an opportunity to observe the witnesses and form a judgment of their sincerity, honesty and intentions not available to a reviewing court. We are of the opinion that the facts as found warrant the conclusions and inferences which he drew from them. Under Rule 52(a), F.R.Civ.P. 28 U.S.C.A. we are not to disturb those "findings" unless clearly erroneous.

This rule is applicable to inferences drawn from documents or undisputed facts. United States v. United States Gypsum Co., 333 U.S. 364, 394, 68 S.Ct. 525, 542, 92 L.Ed. 746.

"Even where there is no dispute about the facts, if different reasonable inferences may be fairly drawn from the evidence, we are forbidden to disturb the findings based on such inferences unless they are clearly erroneous." Central Ry. Signal Co. v. Longden, 7 Cir., 194 F.2d 310, 318; Rich v. Pappas, 6 Cir., 229 F.2d 308, 313.

■ "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." United States v. United States Gypsum Co., cited above; McAllister v. United States, 348 U.S. 19, 20, 75 S.Ct. 6, 99 L.Ed. 20.

■ Upon a consideration of the entire record, we are not left with any "definite and firm conviction that a mistake has been committed."

The judgment of the District Court will be affirmed upon the findings and conclusions of the Trial Judge.