**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Joe HENDREX, Defendant-Appellant.**

**No. 17801.**

United States Court of Appeals
Sixth Circuit.

Jan. 19, 1968.

George Stone, Detroit, Mich., for appellant, Sanford Rosenthal, Detroit, Mich., on brief.

David E. Caplan, Asst. U. S. Atty., Detroit, Mich., for appellee, Lawrence Gubow, U. S. Atty., Detroit, Mich., on brief.

Before WEICK, Chief Judge, and EDWARDS and McCREE, Circuit Judges.

PER CURIAM.

Appellant, following a jury trial, was convicted on both counts of a two-count indictment charging him with aiding and abetting the illegal sale of narcotics in violation of 26 U.S.C. § 4705(a) and 18 U.S.C. § 2, and with receiving and concealing illegally imported narcotics in violation of 21 U.S.C. § 174. He was sentenced to imprisonment for eight years on each count with the sentences to run concurrently.

Appellant contends that his constitutional right to call witnesses to testify in his behalf was violated by a delay in the commencement of his trial, and that he was further prejudiced by certain comments of the prosecutor during the course of the trial. We find these contentions to be without merit.

With specific reference to count one of the indictment, appellant contends that the indictment fails to charge a crime. Count one alleges that appellant "did aid and abet one Raymond Cornelius Jones who is not charged as a defendant herein but who did unlawfully and knowingly sell" narcotics. It is appellant's contention that this indictment does not charge that he aided and abetted Jones *in the commission of the crime*. While the indictment could have been worded with greater precision, it nevertheless "sufficiently apprises the defendant of what he must be prepared to meet," and we therefore find it to have properly charged appellant with the offense of which he was convicted. United States v. Debrow, 346 U.S. 374, 376, 74 S.Ct. 113, 98 L.Ed. 92 (1953).

As part of its proof of the offense charged in count one, the government called an undercover agent of the Bureau of Narcotics to testify regarding statements made by appellant at the time of the alleged sale. Appellant contends that these statements alone cannot provide a basis for conviction. It is a sufficient answer to this contention to observe that the government did not rely solely on these statements, but also on such corroborative facts as the transfer of narcotics and the appellant's control of the premises where the sale was made.

Appellant also contends that the jury received improper instructions concerning count two of the indictment. The sentence imposed under count two is concurrent with that under count one and since we have found no error relating to the general conduct of the trial and no error relating to count one, it is unnecessary to review appellant's allegations with regard to count two. United States v. Romano, 382 U.S. 136, 86 S.Ct.

279, 15 L.Ed.2d 210 (1965); Zachary v. United States, 275 F.2d 793 (6th Cir. 1960), cert. denied, 364 U.S. 816, 81 S.Ct. 46, 5 L.Ed.2d 47 (1960). Appellant contends, however, that an unreversed conviction on count two may have an adverse effect on his opportunity for parole. Whatever force this argument may have in other circumstances, it is without weight here because conviction for violation of 26 U.S.C. § 4705(a), as charged in count one, precludes parole. 26 U.S.C. § 7237(d).

The judgment of the district court is affirmed.